ALBERT A. ROOT v. CLARENCE H. CHILDS and Others.[1]

May 6, 1897.

Nos. 10,445—(90).

**Action on Contract—Happening of Contingency—Pleading.**

> Where the obligation of a party to a contract is to pay only upon the happening of a contingency, its occurrence must be alleged in the complaint, in an action for the recovery of the money. But, if payment is not to be made if a certain contingency happens, it is not necessary to allege in the complaint the nonhappening of the contingency.

**Same—Sufficiency of Complaint.**

> *Held,* that the complaint herein complies with this rule, and that it states a cause of action.

[1] Reported in 70 N. W. 1087.

Appeal by defendants from an order of the district court for Hennepin county, Smith, J., overruling a demurrer to the complaint. Affirmed.

*C. H. Childs, J. D. Shearer,* and *C. J. Cahaley,* for appellants.
*Dickinson & Lum,* for respondent.

START, C. J. Appeal by defendants from an order overruling their general demurrer to the complaint. The plaintiff declared upon a written contract executed by the parties hereto, which was made a part of the complaint. The contract, in which the plaintiff is the party of the first part and the defendants are the parties of the second part, recites that the plaintiff has acquired certain rights in and under certain letters patent of the United States, No. 521,990, covering a certain advertising device, which were conveyed to him by William P. Goodspeed by an instrument dated September 16, 1895. Then follow the covenants of the parties, which, so far as here material, are these:

"That the party of the first part, for and in consideration of the sum of six thousand dollars, to be paid by the parties of the second part at the times and in the manner hereinafter provided for, has this day duly sold, assigned, transferred, and set over unto Clarence H. Childs, one of the parties of the second part, for the use and benefit of the parties of the second part, their heirs, executors, and assigns, all his right, title, and interest in, to, and under that certain agreement and license made and executed by William P. Goodspeed, of the city of Buffalo, county of Erie, and state of New York, to the said party of the first part. * * * For and in consideration of said assignment the parties of the second part jointly and severally agree upon their part to pay the consideration hereinbefore expressed as follows: First. The sum of six hundred dollars, this day by mutual consent placed in the Bank of Hill, Sons & Company, of Minneapolis, Minnesota, in escrow. Said amount shall be paid the party of the first part, his heirs, executors, administrators, as soon as said agreement and license to Clarence H. Childs has been returned from the patent office duly recorded; provided, however, that the abstract of the title of said patent No. 521,990, and its various assignments, shows that the party of the first part was at the time of the recording of said agreement and license to said Clarence H. Childs, the absolute owner of all the rights and privileges conveyed to him by said Goodspeed on September 16th, 1895, and entitled to convey

the same. Second. The sum of five thousand and four hundred dollars on or before February 1st, 1896. * * *

The payments aggregating six thousand dollars shall not become due or payable, if for any cause, not attributable to the parties of the second part, their heirs, executors, administrators, or assigns, an injunction or other proceedings in law or equity should prevent the parties of the second part, their heirs, executors, administrators, or assigns, or any company or companies organized under or by virtue of any assignment of said agreement and license, from operating or working under said patent or agreement and license to said Childs; but in such case the time or times of payment under this agreement shall be extended just the length of time said parties of the second part, or their assigns, are prevented from operating or working under said patent or agreement and license. * * *

It is mutually agreed that if said abstract hereinbefore mentioned should show that the party of the first part was not the absolute owner of the rights and privileges granted by said agreement and license executed to him by said Goodspeed on September 16th, 1895, at the time of the recording of said agreement and license to said Childs; that then the money so deposited in the Bank of Hill, Sons & Company, of Minneapolis, Minnesota, shall revert to and become the property of the parties of the second part, their heirs, executors, administrators, or assigns, and all other obligations under this contract shall cease and determine, and be null and void."

The complaint alleges:

"That plaintiff has performed all the terms and conditions of said contract to be performed by him according to the terms thereof; that the agreement and license to Clarence H. Childs, mentioned in said Exhibit A, has been returned from the patent office duly recorded as provided in said contract, and that the abstract of the title of said patent No. 521,990, and its various assignments, shows that the party of the first part was, at the time of the recording of said agreement and license to said Clarence H. Childs, the absolute owner of all the rights and privileges conveyed him by said Goodspeed on September 16, 1895, and entitled to convey the same; that defendants, and each of them, have wholly failed and neglected to keep or perform the terms and conditions of said contract to be kept and performed by them, except in the payment of said $600, in this, that neither they, nor any of them, have paid to plaintiff the sum of $5,400, which sum was to be paid to plaintiff, according to the terms of said contract, on or before February 1, 1896; that said sum, and the whole thereof, is now due and owing to plaintiff from defendants."

The defendants urge in support of their demurrer that the com- plaint does not show a compliance with the conditions precedent upon which the right of the plaintiff to recover on the contract depends, in the following particulars:

1. That it is not alleged that the $600 was ever taken out of escrow, and, if so, that it was done without the consent of the defendants. The complaint inferentially alleges the payment of the $600 by the defendants. Whether this allegation is sufficient to show that the money was taken out of escrow, we need not consider, for the com- plaint shows a compliance with the condition upon which the money was to be paid to the plaintiff, viz., that the agreement and license to Childs were returned, duly recorded, and that the abstract showed that the plaintiff was, at the time of the record of such agreement to Childs, the absolute owner of the rights acquired from Goodspeed. The plaintiff's right to the $600 became absolute upon the perform- ance of the two conditions named, and his right to recover the balance of the contract price does not depend on his having actually received the $600.

But the defendants further claim that by the terms of the con- tract they were the absolute judges of the validity of the patent, and of the rights assigned, and that not until they decided that quesion, and directed the payment of the money in the bank to the plaintiff, was there anything payable to the plaintiff on the contract. This is a misconception of the contract, for the plaintiff's right to recover the promised consideration for his assignment of the patent right de- pended, not upon any decision or action of the defendants as to the validity of the plaintiff's title, but upon the existence or nonexistence of two facts, the return of the assignment duly recorded, and that the abstract of the title of the patent showed that the plaintiff was, at the time of such record, the absolute owner.

2. They also claim that the payment of the money was contingent upon the nonexistence of an injunction at the time the money became due, and that the complaint should have negatived the existence of an injunction. The meaning of the injunction article of the contract is somewhat obscure, but, construing it as a whole, and in connection with the other provisions of the contract, it must be held to mean that, if defendants were prevented by an injunction from operating

under the patent, the right of the plaintiff to enforce payment pending the injunction should be suspended, and the time of payment extended to correspond with the time the injunction was in force. So construed, the contingency of an injunction is in the nature of a condition subsequent, and its nonexistence need not be alleged, for it is a matter of defense.    Where the obligation of a party to a contract is to pay only upon the happening of a contingency, e. g. the return of an instrument duly recorded, such contingency is in the nature of a condition precedent, and its occurrence must be alleged in the complaint.    Wilson v. Clarke, 20 Minn. 318 (367).    But, if payment is not to be made if a contingency happens during its continuance, e. g. if the party is enjoined from using the article which is the subject-matter of the contract, he is not to pay the purchase price until the injunction is dissolved, the contingency is in the nature of a condition subsequent, and it is not necessary to allege in the complaint the nonhappening or noncontinuance of the contingency.    1 Chit. Pl. 320.    The complaint complied with these rules.    It alleges the occurrence of the events which must take place before the purchase price was payable, leaving the defendants to plead the happening of the condition subsequent which might excuse payment.

Order affirmed.