(34 Misc. Rep. 613.)

## BEAR v. ATLANTA HOME INS. CO.

(Supreme Court, Trial Term, Albany County. April, 1901.)

1. INSURANCE—VACANT BUILDING.

A policy insured "a frame dwelling and attachments thereto occupied as a dwelling and road-house hotel." The agent of the insured knew that the building was unfinished, and that it would be unoccupied until it was finished. *Held* a waiver of condition that the policy should be void if the building remained vacant and unoccupied for 10 days.

2. SAME—NOTICE OF LOSS.

Where an insurer accepts and retains proofs of loss served a month after a fire, and makes an appraisal at some trouble and expense to the

insured, it constitutes a waiver of the condition requiring immediate notice in writing of the loss.

Action by Catherine Bear against the Atlanta Home Insurance Company to reform and recover on a policy of insurance. Judgment for plaintiff.

Daniel J. Dugan, for plaintiff.

Foley, Wray & Taylor, for defendant.

CHESTER, J. The plaintiff seeks to reform, and as reformed to recover upon, a policy of fire insurance issued to her by the defendant. The policy in terms insured the plaintiff against loss by fire for $1,300 on "frame dwelling and attachments thereto occupied as a dwelling and road-house hotel," also for $200 on barn and stables,—"loss, if any, payable to William Hedrick, mortgagee." The policy was one of the standard form, and contained the provision that it should be void "if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days." The policy was issued April 22, 1899. At that time the building was unfinished, in course of construction, and was unoccupied. It remained unoccupied until May 28, 1899, when it was burned. After the fire the mortgagee assigned his interest in the policy to the plaintiff. The policy was issued by S. L. Foster, the defendant's agent at Albany. The plaintiff applied for the policy through Henry S. Foster, an insurance broker. There is some conflict in the evidence as to the statements made by the broker to the defendant's agent at the time it was issued. The broker testified, in substance, that he told the agent that the building was new, unfinished, and unoccupied, and was to be occupied by the insured as a hotel and road house as soon as it was finished. While the defendant's agent swore he could not give the conversation between them, he denied that the broker told him that the building was in process of building, unfinished, or unoccupied, except to say that it would be occupied within two or three days. The broker denied that he told him it was to be occupied in two or three days. The agent testified that he wrote down on a slip of paper, which was produced in evidence, the points the broker gave him; that he did not remember the exact words he used; that he wrote a description of the property in full as the broker gave it to him in brief, then passed it over to him, and he read it and said it was correct. While the broker did not admit this, he said he probably gave the agent a description of the property which was to go in the policy. On this slip written by the agent the building was described as "occupied as a dwelling and road-house hotel," in the same language as was afterwards inserted in the policy. The agent testified that, independently of this slip, he had no recollection of anything said between him and the broker. He said, however, that the impression was given him that it was a new building. In view of the positive statement of the broker and the lack of memory of the agent concerning the conversation, I think I must take as true the statement that the agent was told that the building was to be occupied as soon as it was finished, instead of within two or three days. It is reasonable to believe that,

when the agent was told it was unoccupied, some cause for the nonoccupancy was mentioned. While the policy was delivered to the broker, who in turn delivered it to the mortgagee, the broker testified that he did not see the words "occupied," etc., in it, and relied on the agent to do what he had told him to do concerning the insurance. The plaintiff never saw the policy until after the fire. In view of the admission of the agent that he was told before writing the policy that the house was unoccupied, I think the determination of the slight conflict of testimony between the agent and the broker is not of much importance in deciding the question of law arising under the defense interposed as to nonoccupancy, and that that defense must fail. The agent testified in support of that defense that he wrote the policy describing the property as occupied after the broker told him it was to be occupied in two or three days, because the term to be unoccupied was so very small it was not considered important, as it was within the 10-days limit allowed by the policy. If he so considered it, he had, in my opinion, a mistaken view of the law. If the policy is to be invalidated under the condition providing that it shall be void if the building "be" vacant, it involves the assumption that when the agent received the premium with knowledge that the building was unoccupied, and delivered the policy, he was issuing a worthless policy, and one which was void at its inception. In other words, on this assumption the defendant, through its agent, was guilty of a fraud upon the insured, which it should not be permitted to turn to its aid in defeating the policy. The condition of the policy with reference to the building "becoming" vacant or unoccupied has reference to the future. It relates to a change in the condition of the property in this respect after the insurance is effected, and not to a condition existing at the date of the policy. The facts that the agent wrote the policy as upon occupied property, when it was unoccupied, and when he had knowledge at the time of its nonoccupancy, constituted, under the authorities, a waiver of the condition relating to nonoccupancy; and a defense based upon nonoccupancy, under such circumstances, cannot be sustained. Haight v. Insurance Co., 92 N. Y. 51; Woodruff v. Insurance Co., 83 N. Y. 133; Van Schoick v. Insurance Co., 68 N. Y. 434; Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159; Skinner v. Norman, 165 N. Y. 565–569, 59 N. E. 309.

I think, also, that the defendant has waived the condition of the policy with respect to giving immediate notice of loss to it in writing, and also any right it had to insist upon a forfeiture of the policy because of any alleged breach of warranty or condition of the policy. While the plaintiff did not give immediate notice of loss in writing to the defendant, she made formal proofs of loss under date of June 28, 1899, and two or three days thereafter delivered them to defendant's agent. In these proofs she stated that the building insured "was to have been occupied * * * as a dwelling and road-house hotel." Thus was the defendant informed as to the nonoccupancy. Notwithstanding this, these proofs were never returned to the plaintiff. On the contrary, they were retained by the defendant, and on the 15th day of August thereafter the defendant requested the plaintiff to join

with it and the mortgagee in a written agreement to submit the question of the damage caused by the fire to appraisers. This she did, and pursuant to the agreement an appraisal was made, and the amount of loss fixed at $2,050 on the hotel and $525 on the barn. The plaintiff was thus put to the trouble of executing the agreement, of selecting and paying an appraiser to act for her, and of furnishing the appraisers with the plans and specifications of the buildings, and giving them information concerning the buildings at the time of the fire. The defendant, with knowledge from which it might, in the absence of prior knowledge by its agent, have insisted upon a forfeiture of the policy, recognized its validity by entering upon this appraisal. The rule is well settled that when an insurance company, with knowledge of all the facts constituting a breach of a condition or a warranty, requires the assured, by virtue of the policy, to do some act or incur some trouble or expense, the forfeiture is deemed to have been waived. McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475; Titus v. Insurance Co., 81 N. Y. 410.

With reference to the claims that the policy was forfeited because of mechanics working upon the building in violation of a condition in the policy, and because of alleged false swearing in the proofs of loss concerning incumbrances, it is sufficient to say that neither of these defenses is pleaded in the answer.

Under a clause in the policy permitting other insurance, it appears that the plaintiff had a policy in another company upon each of the buildings covered by the policy in question for an amount equal to the amounts insured under this policy. This relieves the defendant of a proportionate part of the loss under the terms of the policy.

The plaintiff may have judgment for that proportion of the loss which the amount insured under the policy in question shall bear to the whole insurance on the property, with interest after 60 days from the appraisal, in accordance with the provisions of the policy, besides costs, and an extra allowance of 5 per cent. on the amount of her recovery. Ordered accordingly.