KATHERINE ALICE BRIGGS v. M. S. RUTHERFORD.[1]

December 23, 1904.

Nos. 14,131—(153).

**Pleading.**

Following Root v. Childs, 68 Minn. 142, where the obligation of a party to a contract is to pay only upon the happening of a contingency, its occurrence must be alleged in the complaint in an action for the recovery of the money.

**Amendment after Judgment.**

Where it clearly appears the defendant was not misled or in any way prejudiced in maintaining his defense upon the merits, an amendment of the complaint to conform to the facts proved should be allowed even after judgment. Adams v. Castle, 64 Minn. 505; G. S. 1894, § 5262.

**New Trial.**

Where the verdict is clearly sustained by the evidence, and it not appearing affirmatively that the trial court granted a new trial in the exercise of its discretion, following Fitger v. Guthrie, 89 Minn. 330, such an order will be reversed.

Appeal by plaintiff from an order of the district court for Mille Lacs county, Searle, J., granting a motion for a new trial, after a trial

[1] Reported in 101 N. W. 954.

and verdict in favor of plaintiff for $56.51. Reversed and remanded with instructions.

*Edson S. Gaylord* and *Frank T. White,* for appellant.

*E. L. McMillan,* for respondent.

DOUGLAS, J.

This action was brought to recover the amount advanced upon an option contract for the purchase of real estate. The issues of fact were submitted under clear and explicit instructions, and determined by the jury in its verdict in favor of the plaintiff. The trial court granted a new trial upon the ground that a material variance existed between the pleadings and the proof, and also suggested generally that other questions were argued, and that such motion was granted upon an inspection of the whole record.

The complaint was for money had and received, which it was alleged "defendant promised and agreed to repay plaintiff on demand." It appears from the evidence defendant agreed to repay the plaintiff the amount advanced in case of default on his part in making the conveyance referred to. Following Root v. Childs, 68 Minn. 142, 70 N. W. 1087, in which it was held that, where the obligation of a party to a contract is to pay only upon the happening of a contingency, this occurrence must be alleged in the complaint in an action for the recovery of the money, we are of the opinion the pleading at bar was insufficient. The court, however, admitted evidence thereunder, and at the close of plaintiff's case, defendant, expressly waiving the question as to the admissibility of evidence, moved the court for a directed verdict. The motion was overruled, and again renewed after defendant had offered evidence in his behalf under the issues as they were then interpreted by the trial court. It clearly appears defendant was not misled or in any way prejudiced in maintaining his defense on the merits, and we are of the opinion, as was held in Adams v. Castle, 64 Minn. 505, 67 N. W. 637, that it was the duty of the trial court to allow an amendment of the complaint, even after judgment, so as to conform to the facts proved. G. S. 1894, § 5262.

It not appearing affirmatively that the trial court granted a new trial in the exercise of its discretion (Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888), and, inasmuch as it clearly and conclusively appears

the verdict was sustained by the evidence, the order granting a new trial is reversed, and cause remanded, with directions to permit the plaintiff to amend her complaint so as to conform to the facts proved, and enter judgment on the verdict in favor of plaintiff.

Under the circumstances it is further ordered that the statutory costs in this court be not allowed.