### M. P. HOBART v. JOHN B. KEHOE.[1]

April 29, 1910.

Nos. 16,508—(67).

**Contract to Sell Land — Performance of Condition Precedent.**
A right or interest in land which depends upon a condition precedent does not vest until or unless the condition is performed, although it is or becomes for any reason impossible of performance.

[1]Reported in 126 N. W. 66.

**Action for Specific Performance — Complaint — Demurrer.**

> The parties hereto entered into a contract whereby the defendant as trustee agreed to convey his interest as such in certain land situated in this state to the plaintiff, provided a license was obtained from the probate court of the county of Cumberland, in the state of Maine, authorizing him, as trustee, so to convey the land on the terms stated in the contract. This is an action for specific performance of the contract, but the complaint does not allege performance of the condition. *Held*, that the complaint does not state facts constituting a cause of action.

Action in the district court for Hennepin county to enforce the specific performance of an option contract to convey certain real property. From an order, Dickinson, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Norton & Norton,* for appellant.

*Lightner & Young,* for respondent.

START, C. J.

The plaintiff and the defendant, John B. Kehoe, trustee, on August 14, 1906, at Portland, Maine, entered into a contract in writing, the subject-matter of which was the land, described in the complaint herein, situated in the county of Hennepin, in this state. The defendant by the contract, in consideration of $100, granted to the plaintiff an option for sixty days to purchase for $3,500 all the right, title, and interest which the defendant had, as trustee for the benefit of James S. Ames, under the will of Charlotte R. Shaw, in the land described in the complaint, "provided license is obtained from the probate court for the county of Cumberland, state of Maine, authorizing me as said trustee to convey the above described premises to said Hobart for said sum of $3,500." This action was brought in the district court of the county of Hennepin to enforce the specific performance of the option contract. A general demurrer to the complaint was interposed by the defendant, and the trial court made its order sustaining the demurrer, from which the plaintiff appealed.

The complaint, so far as here material, alleged the facts following: Charlotte R. Shaw, the owner of the land in question, died testate in the county of Cumberland, Maine, on February 22, 1897. She

gave by her will and codicil thereto an undivided interest in the land to trustees, named therein, in trust for the use and benefit of James S. Ames, with direction to the trustees to apply the income thereof and so much of the principal as the trustees might in their discretion deem necessary for his support. The will was duly probated and allowed by the probate court of the county of Cumberland, in the state of Maine. The trustees declined to accept the trust. The will provided that in such a case the probate judge of Cumberland county, Maine, should appoint a trustee, and thereupon the probate court in and for such county appointed John B. Kehoe as trustee under the will, who accepted and qualified. Thereafter, and on January 31, 1898, the will was admitted to probate and allowed in the probate court of the county of Hennepin, Minnesota, and that court on April 5, 1900, made its decree of distribution, and thereby assigned the land to the defendant, Kehoe, as trustee under the will. The defendant executed the contract, which is a part of the complaint, as stated. The plaintiff, within the time limited in the contract, elected to purchase the land in accordance with the terms of the contract, so notified the defendant, tendered to him the purchase price, and demanded a conveyance of the land. The defendant refused to comply with the demand.

The complaint contains no allegations to the effect that the trustee has been licensed or authorized to convey the land by the probate court of the county of Cumberland, or that the obtaining of such license or authority has been rendered impossible by any act or neglect of the defendant. The reasons urged by the defendant why the complaint does not state facts constituting a cause of action are to the effect that it does not show that the defendant was ever legally appointed trustee under the will, or the happening of the contingency, the obtaining of license and authority to make the sale, which was made a condition precedent to the obligation of the defendant to convey the land. We consider only the last objection.

It may be conceded, as the plaintiff claims, that the probate court of the county of Cumberland, Maine, could not authorize, by license or otherwise, the defendant to convey, in his discretion, land in Minnesota. It does not, however, follow from this concession that the

condition is to be construed as expressing the intention of the parties that, in case a license to convey was not necessary as a matter of law, the condition should be considered as surplusage, as the plaintiff seems to claim. The proviso in question was a condition precedent, for by its express terms it called for the performance of the act therein named before the obligation to convey the land should become absolute. It can make no difference in this case whether the stipulated condition is essential or not, or whether it is material, for the defendant was under no obligations to enter into any contract with the plaintiff, and he had a right to name the conditions upon which he would do so. A right or interest in land which depends upon a condition precedent does not vest until or unless the condition is performed, although it is or becomes, for any reason, impossible of performance. 4 Kent, Com. 125; 2 Redfield, Wills, 664; 2 Devlin, Deeds, § 964.

The complaint in this case wholly fails to allege the performance of the condition precedent upon which the defendant agreed to convey the land; therefore it does not state facts constituting a cause of action. Wilson v. Clarke, 20 Minn. 318 (367); Root v. Childs, 68 Minn. 142, 70 N. W. 1087; Briggs v. Rutherford, 94 Minn. 23, 101 N. W. 954.

Order affirmed.