# A. O. VACHON v. NICHOLS-CHISHOLM LUMBER COMPANY.[1]

## May 13, 1910.

## Nos. 16,489—(75).

**Duebill — complaint insufficient.**

In an action on a duebill given for the price of certain lumber, the due-

[1] Reported in 126 N. W. 278.

bill to be payable within fifteen days after patent issued from the United States, a complaint not alleging the issuance of the patent, but alleging that the duebill "is now due and payable," was an insufficient allegation of performance of conditions precedent.

Action in the district court for Becker county by the administrator of the estate of Nay-tah-waush, deceased, to recover $5,490 alleged to be due upon a certain nonnegotiable duebill. The complaint set out the terms of the duebill, by which defendant agreed to pay it "within fifteen days after the patent from the United States government shall have been issued and delivered to said Nichols-Chisholm Lumber Co., at Frazee, Minnesota." Defendant demurred to the complaint. From an order, Baxter, J., overruling the demurrer, it appealed. Reversed.

*Edgerton & Edgerton,* for appellant.

*J. T. Van Metre,* for respondent.

Per Curiam.

Defendant executed and delivered to John Nay-tah-waush its duebill for $5,490, a balance due upon the price of certain timber purchased by defendant. The amount was, by the instrument, made payable "within fifteen days after the patent from the United States government shall have been issued and delivered to the said Nichols-Chisholm Lumber Company, at Frazee, Minnesota." The payee died. An administrator of his estate was appointed and resigned, and thereafter plaintiff was appointed, and brought this action, as administrator, to recover upon the duebill. A demurrer interposed to the complaint, upon the ground that it failed to state a cause of action, was overruled.

The complaint does not allege the issuance or delivery of the patent, which was made a condition precedent to the maturing of the debt. It alleges that the duebill "is now due and payable." This is a legal conclusion, and not a sufficient allegation that all conditions precedent have been performed, or, in lieu thereof, a sufficient excuse for their nonperformance. The complaint does not state a cause of action, and the demurrer should have been sustained.

Order reversed.