PLEAS STARR, Appellee, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Carriers of passengers:** DISORDERLY CONDUCT: NEGLIGENCE: EVIDENCE. It is the duty of a railway company to exercise care for the safety of its passengers; and where an intoxicated person enters a train and his presence is known to the trainmen it becomes their duty to prevent such person from assaulting and injuring another passenger. The evidence in this case is held to require submission of defendant's negligence, through failure of the trainmen to protect plaintiff from the assault of an intoxicated passenger, and to justify a finding of negligence in that regard.

*Appeal from Appanoose District Court.*—HON. D. M. ANDERSON, JUDGE.

FRIDAY, JUNE 7, 1912.

ACTION at law to recover damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals. —*Affirmed.*

*Frank S. Payne,* and *Miles & Steele,* for appellant.

*Wilson & Smith,* and *W. F. Garrett,* for appellee.

WEAVER, J.—The plaintiff was a passenger upon defendant's train going from Carrolton, Mo., to Moulton, Iowa. He alleges that among the passengers upon said train were several who were intoxicated and quarrelsome; and that during that journey said persons, without cause or provocation, attacked, beat, bruised, and injured him. He further alleges that said wrongful assault was witnessed by the conductor and brakeman in charge of the train,

who, in violation of their duty to protect him against such
abuse and injury, failed to interfere in any manner with his
assailants, or to keep or enforce order upon the train; and
that by reason of such neglect and failure of duty on the
part of said trainmen, he sustained severe injuries, for which
he demands compensation in damages.    The defendant
denies the charges made in the petition.    The issues were
tried to a jury, resulting in verdict and judgment for plain-
tiff for $1,000.

There was evidence upon which the jury could properly
find that plaintiff, with a younger companion, named Horn,
took passage upon defendant's train moving north in the
direction of Moulton.    They were sober and quiet, and, so
far as appears, exhibited a decent degree of decorum.    At
the town of Unionville, one Guffey, with two or three
others, boarded the train.    Guffey, at least, was visibly
under the influence of liquor, and soon proceeded to make
a nuisance of himself by walking up and down the aisle
trying to persuade others to drink with him, or to engage
in a game of craps.    Among others, he accosted the young
man Horn, who was with plaintiff, and, being refused and
taking offense at some remark made by Horn, struck him.
Thereupon plaintiff arose and said to Guffey:  "If the boy
don't want to gamble with you, let him alone," and as
he took his seat was at once attacked by Guffey.    After
some struggle, Guffey's friends took him aside and en-
deavored to quiet him; but he soon broke away and renewed
his assault upon the plaintiff.    The latter fell over a car
seat, or was knocked down, where he was struck or kicked
in the face and upon the body; receiving sever and painful
injuries.    There is also evidence to the effect that the con-
ductor and brakeman came into the car about the time the
assault was made, or while the struggle was in pro-
gress, but did not attempt to assist or protect the plaintiff.
The conductor was not a witness on the trial.    The brake-
man admits that he came into the car during the assault

upon plaintiff, and says the extent of his effort to interfere was to walk in that direction and call to two of the passengers "to separate them." Some of the details above mentioned are the subject of dispute between witnesses; but the jury were fully justified in finding that the assault upon the plaintiff was brutal in the extreme, and was not induced by any misconduct on his part.

Counsel for appellant say all this may be true; but there is no evidence upon which negligence can be charged against the defendant or its trainmen. We do not so read the record. Guffey was noticeably intoxicated when he boarded the train, and this was seen by the brakeman; and his conduct during the whole course of the trip was such as should have attracted the attention and met with the effective protest and interference of the men whose business it was to care for the safety of the passengers. If some of the witnesses are to be believed, both the conductor and the brakeman actually witnessed a material part of the affair without the slightest attempt to exert their authority to enforce peace and good order. The brakeman himself, as we have seen, being present, limited his efforts in that line to an exhortation to some of the passengers to interfere and do that which he himself should have been quick to do. True some of plaintiff's testimony is contradicted, and some inconsistencies are developed between statements on the witness stand and statements made elswhere; but the credibility of the witnesses and the weight of their testimony were for the jury alone.

The duty of a carrier of passengers to exercise care for their protection against injury is too well settled to justify argument. The verdict in this case is that there was a failure of duty in this respect on the part of the defendant; and, in our judgment, the testimony affords ample support for the finding. Certainly there was no such lack of evidence as to call for a directed verdict. That the jury was not in any way confused as to the question before

it was shown by their answers to several interrogatories submitted to them at defendant's request.. The record in this respect, as shown in appellant's abstract, is as follows:

Before argument of counsel to the jury had commenced, the defendant requested the court to ask the jury, in writing, to find especially upon certain questions of fact to be answered by the jury in writing, which questions of fact were in writing, and were submitted to the attorneys for the plaintiff before argument to the jury had commenced. That upon the giving of the charge and instructions by the court to the jury the court then submitted said questions in writing to the jury, and which questions were in words and figures as follows, to wit:  '(1) Was there any conduct of Ollie Guffey on the train, prior to the trouble between said Guffey and the witness Ed Horn, from which the employees in charge of the train in question, in the exercise of due and proper care, ought reasonably to have anticipated that said Guffey was likely to make an assault on any of the passengers on the train?  (2) If you answer the foregoing interrogatory affirmatively, then state what said conduct was.'  When the jury returned its verdict into court, it also returned into court said questions, with its answers thereto, in writing, and which answers of the jury were as follows:  To question 1, the jury answered, 'Yes,' and to question 2 the jury answered in the following words, to wit:  'Ollie Guffey was drunk, disorderly, boisterous, walking up and down the aisle, using profane and vulgar language, and urging several of the passengers to drink and play craps with him.'

With these findings, all of which have support in the record, there is little room left for the claim that the court should have held, as a matter of law, that the defendant was chargeable with no negligence in the premises.

The appellant has assigned error upon the giving of certain instructions and the refusal to give others requested; but, in so far as the points made state correct propositions of law, they were sufficiently covered by the court's charge to the jury.

Upon other questions thus raised, we are cited to no

authority; and the discussion has little direct application to the concrete questions of fact upon which the decision of this appeal must turn.

We find no error in the record, and the judgment below is—*Affirmed.*