## ST. PAUL SASH, DOOR & LUMBER COMPANY v. EDWARD F. BERKNER AND ANOTHER.[1]

July 6, 1917.

Nos. 20,460—(240).

**Building contract — architect's final certificate — condition precedent.**

1. Where a building contract provides that all payments shall be made upon written certificates of the architect that they have become due; that only the certificate for the final payment shall be evidence of the completion of the contract; and that a written guaranty must be furnished guaranteeing the roof for a period of 10 years before payment will be made for the roof, the issuance of such final certificate and the furnishing of such guaranty are conditions precedent to the right to collect the final payment.

**Same — failure of pleading to allege issue of certificate or excuse therefor.**

2. A pleading which sets forth the contract, but does not allege the issuance of the certificate or the furnishing of the guaranty, nor any excuse for failing to procure them, does not state sufficient facts to entitle the contractors to recover the final payment.

Action transferred from the district court for Brown county to Blue Earth county, to recover $235 and to foreclose a lien therefor. The case was tried before Pfau, J., acting in place of the judge of the Ninth judicial district, who made findings and ordered judgment in favor of plaintiff and others and directed a sale of the premises to satisfy the judgments. The motion of defendants Berkner to amend the findings and conclusions was denied. From the judgment entered in favor of Casperson & Peterson, pursuant to the order for judgment, defendants Berkner appealed. Reversed.

*Albert Hauser,* for appellants.

*Kerr & Richardson,* for respondents.

TAYLOR, C.

In February, 1907, defendants Casperson and Peterson, referred to

[1]Reported in 163 N. W. 668.

hereafter as the contractors, entered into a contract with Berkner Brothers, referred to hereafter as the owners, to construct for Berkner Brothers a two story store and office building in the village of Sleepy Eye for the sum of $9,327. The contractors constructed the building, but the owners allege that the work was defective and not as required by the contract. The parties to this action, other than the contractors and the owners, filed liens against the building for materials furnished to the contractors. The contractors also filed a lien for a balance alleged to be due them from the owners. The plaintiff brought this action to foreclose its lien and made the owners, the contractors and the other lien claimants defendants. The contractors interposed an answer in which they denied plaintiff's claim and also set forth their own claim against the owners. They attached the contract between themselves and the owners to their answer and made it a part thereof. To this answer the owners interposed a reply in which they admitted the contract as attached to and made a part of the answer, and alleged that the contractors had failed to perform it in several substantial respects. The liens other than that of the contractors were established and were subsequently paid by the owners.

The issues between the contractors and the owners were tried separately. At the opening of the trial of these issues the owners objected to the introduction of any evidence on the ground that the pleading of the contractors did not state facts sufficient to constitute a cause of action. This objection was overruled, the court stating: "If your point is good, it is good all the way through." The trial resulted in findings of fact and conclusions of law in favor of the contractors. The owners made a motion to amend these findings by substituting findings to the effect that the contractors had neither alleged nor proved a cause of action and were not entitled to recover. This motion was denied, but the contractors did not enter judgment until nearly 5 years thereafter. As soon as judgment was entered, the owners appealed therefrom. They contend that the answer failed to state a cause of action, and that the court erred in overruling their objection to the reception of any evidence under it, and in refusing to amend its findings of fact and conclusions of law as requested. The evidence is not returned to this court, and no claim is made that the owners waived their objection in any manner during the trial.

The question presented is whether the answer, in the nature of a com-

plaint against the owners, states facts sufficient to constitute a cause of action.

The answer alleges the contract price to be $9,327 which is in accordance with the contract; sets forth a claim of $161.05 for extras; admits payments in the sum of $8,272.82; and claims a balance due of $1,215.23. The court found that the amount remaining due the contractors was the sum of $288.46.

The owners specify 6 provisions in the contract which they assert must be shown to have been complied with before the contractors can maintain this action. The answer does not allege a compliance with these provisions, and does not set forth any reason for the failure to comply with them; consequently, if the conditions imposed by these provisions are conditions precedent to the right of the contractors to recover, the position of the owners is well taken. 2 Dunnell, Minn. Dig. § 7533, and cases there cited.

The contract, after providing for the payment of instalments of the contract price on certificates of the architect as the work progressed, and for withholding from each instalment 15 per centum of the amount then due, "until the work is completed and accepted," further provides that "all payments shall be made upon written certificates of the architect to the effect that such payments have become due;" and that "only the final certificate of final payment shall be considered as evidence of the performance of this contract." The specifications which are a part of the contract provide: "The contractor shall be entitled to no payments without a certificate signed by the architect, stating that sum is due him;" and further provides "the roofer must guarantee this work for a period of not less than ten years. A written gauranty must be given, executed before payment will be made on this work." These provisions clearly make a certificate from the architect a condition precedent to the right to recover the final payment, and a guaranty from the roofer a condition precedent to the right to recover that item. It was therefore necessary for the contractors, in their answer, to aver that such certificate had been issued and that such guaranty had been furnished, or to set forth facts which excused them from securing and presenting the certificate and guaranty. Having done neither, their answer fails to state a cause of action. Johnson v. Howard, 20 Minn. 322 (370) ; Briggs v. Rutherford,

94 Minn. 23, 101 N. W. 954; Hobart v. Kehoe, 110 Minn. 490, 126 N. W. 66, 136 Am. St. 524; Vachon v. Nichols-Chisholm L. Co. 111 Minn. 45, 126 N. W. 278; Manter v. Petrie, 123 Minn. 333, 143 N. W. 907; State Bank of Fairfax v. Vlaar, 124 Minn. 78, 144 N. W. 458.

The contract also provides: "The owner hereby especially reserves the right to retain all moneys due under this contract until the contractor shall have furnished satisfactory evidence that all claims for labor, material, etc., which might be made against the said owner for work embraced in this contract have been satisfied." The owners lay much stress upon this provision, and assert that it bars the contractors from recovering for the reason that this action conclusively shows that liens are outstanding against the property. This provision merely reserves a right to the owner which he may, or may not, exercise as he sees fit; and does not create a condition precedent, within the rule stated in Root v. Childs, 68 Minn. 142, 70 N. W. 1078. It creates a condition subsequent available in defense, but the contractors were not required to negative the existence of such claims to entitle them to maintain their action.

The contractors seem to recognize that their pleading would be defective if they had brought the suit; but argue that the rule should not apply in this case as they did not bring the suit but "were made a defendant and were thus forced to set up their claims or lose their lien." It is a sufficient answer to say that they had no valid lien against the property for services performed under the contract, unless they had a cause of action against the owners for such services. They could not establish a lien, upon the facts in this case, without establishing a valid cause of action.

Judgment reversed.