## ASSOCIATED INV. CO. v. CAYIAS et al.

No. 3381.   Decided December 10, 1919.   Rehearing denied January 2, 1920.   (185 Pac. 778.)

1. BROKERS—BROKER SUING FOR COMMISSION NEED NOT PLEAD AND PROVE CONDITION SUBSEQUENT. In broker's action for commission on sale of a pool hall, where sale contract provided that it was to be null and void if purchaser could not secure rental of the hall at a certain sum per month, plaintiff was not required to plead or prove the ability of the purchaser to procure the hall at such rental, that being a matter of defense, as a condition subsequent, and not a condition precedent. (Page 382.)

2. BROKERS—PERFORMANCE OF CONDITION SUBSEQUENT MUST BE PLEADED. In a broker's action for commission, where defendants failed to plead as a defense that a condition subsequent embraced in the sale contract had not been performed, it was not error to refuse defendants' offered testimony thereon. (Page 383.)

3.   BROKERS—ADMISSIBILITY OF EVIDENCE OF PRINCIPAL'S BREACH OF
     CONTRACT.   In a broker's action for commission on the sale of
     a pool hall, testimony tending to show defendants' refusal to
     carry out the terms of the contract *held* admissible.   (Page 383.)

Appeal from District Court, Third District, Salt Lake
County; *P. C. Evans*, Judge.

Action by the Associated Investment Company, a corpora-
tion, against William Cayias and another, a copartnership do-
ing business as the Portola Pool Hall.

Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*Rogers & Haas* and *Chris Mathison*, all of Salt Lake City,
for appellants.

*Smith & Son*, of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff, as a real estate and personal property broker,
brought this action against the defendants in the district
court of Salt Lake county to recover commissions alleged to
have become due for services rendered under a contract for
the sale or exchange of a certain pool hall owned by the de-
fendants in Salt Lake City.   The contract sued upon provides:

"Please sell or trade for me the following described property at
the price and terms below mentioned:   Portola Pool Hall, No. 2
West Second South street, consisting of eleven tables, one card
room.   Rent, $150.00.   Business averages about thirty dollars per
day.   Price $4,000.00; $2,000.00 down, balance to suit.   If you secure
a purchaser for me who is ready, able and willing to buy or trade
for said property at the price and terms above mentioned, or on
any other terms agreed to by me, I will pay you ten per cent. com-
mission on the above amount or on any other amount for which I
agree to sell or trade."

It is alleged, in substance, in the complaint, that the plain-

tiff, acting under said contract, made diligent effort to ex-
change or trade said property for the defendants, and that on
or about October 13, 1916, procured one Lawrence Call, who
entered into a written agreement for the exchange of said
pool hall, at a valuation of $3,000, for other property, which
was satisfactory to the defendants, and that the said Call was
at all times ready, able, and willing to complete and carry out
the said agreement so entered into, but that the defendants
refused to make an exchange; that there is due and payable
to the plaintiff from the defendants the sum of $300 for pro-
curing the said Call to enter into said agreement, for which
sum judgment is prayed.

Defendants' answer denied, generally, the allegations of
the complaint. Trial was to the court without a jury. The
findings made were in plaintiff's favor, and judgment was en-
tered against the defendants for the amount demanded in the
complaint. Defendants appeal.

The errors assigned go to the admission and exclusion of
certain testimony, that the court's findings ''were not within
the issues made by the pleadings or litigated upon the trial
of the action,'' and also that—

"The evidence is insufficient to sustain the decision in the follow-
ing particulars: (1) That it does not show that the plaintiff found
and produced a purchaser willing, ready, and able to buy or trade
for the defendant's property; (2) that it does not show that the
plaintiff found and produced a purchaser with whom the defendants
entered into a binding and enforceable contract to sell or trade
their property; (3) that it does not show that the plaintiff found
and produced a purchaser to whom the defendants sold or traded
and conveyed their property; (4) that it does not show that the
plaintiff in any manner performed its contract of employment."

The testimony shows beyond dispute that the listing con-
tract sued upon was entered into between the parties, and
that thereafter, on October 13, 1916, the plaintiff procured
one Lawrence Call to enter into an agreement with defendants
for an exchange of their pool hall for certain residence prop
erty situated in Salt Lake City. Under the terms of the
agreement entered into between the defendants and Call, it
was provided, among other things not necessary to here men-

tion or consider, that "the bill of sale for said pool hall and warranty deed to said house are to be delivered and exchanged at the office of the Associated Investment Company, authorized agents in this deal, on or before October 14, 1916," and that "it is further agreed that in the event the rental on the above-described pool hall cannot be obtained for a monthly rental of $150 by the first party hereto, then and in that event this agreement shall become null and void and of no effect."

The trial court, after making findings that the aforesaid contracts had been made by the defendants, and that under the listing contract the plaintiff had procured Call to make an exchange of property with the defendants upon a property valuation of $3,000, for the pool hall, the court further found, and the finding is supported by testimony, that on October 14, 1916, the day following the signing of their contract with Call, the defendants called at the office of the plaintiff and "requested the plaintiff to reduce the amount of the commission due to the plaintiff by the defendants for acting as such broker from $300 to fifty dollars and said defendants at said time and place said to plaintiff that if the plaintiff would not so reduce its said commission the defendants would not carry out any terms of said contract by them to be performed as in said contract provided. The court finds that the plaintiff then and there refused to reduce the amount of its said commission, and that thereupon and at said time and place the defendants refused to carry out their part of said written agreement and so notified the plaintiff; and the court finds that in the manner before stated the defendants repudiated said written contract and every part thereof."

It is contended on the part of the defendants, to use their own expression, that "the contract in question is not, on its face, enforceable as to Call because it does not show that he was ready, able and willing to make the exchange," and also that performance of the contract entered into between the defendants and Call rested upon the contingency that a rental of the pool hall could be had by Call at $150 per month. Defendants further argue:

"The contingency here must have happened before performance

and is, consequently, in the nature of a condition precedent, the fulfillment of which, within the time fixed for the performance of the contract, it was incumbent upon the plaintiff to plead and prove, in order to entitle it to recover in this action."

On the other hand, it is contended by the plaintiff that the condition imposed by the terms of the contract of exchange, wherein it was provided the contract should become null and void and of no effect in the event the pool hall could not be obtained for a monthly rental of $150, was a condition subsequent, and that therefore the plaintiff had earned its commission as soon as it procured Call to enter into a binding contract with the defendants; and further that the repudiation of the contract entered into by defendants with Call relieved the plaintiff from pleading or making any proof as to the ability of Call to procure the pool hall at a rental of $150 per month.

The authorities are practically agreed that there are no technical words to distinguish between "conditions precedent" and "conditions subsequent," but that the distinction is a matter of construction, according to the intention of the parties as manifested by the contract. The terms are therefore variously defined according to the facts and circumstances and the questions involved in a particular case. As applying to contracts, in general they are defined as follows:

"Conditions precedent call for the performance of some act or the happening of some event after a contract is entered into and upon the performance or happening of which its obligations are made to depend." 6 R. C. L. section 290.

"A condition subsequent in a contract is one which follows the performance of the contract and operates to defeat or annul it upon the subsequent failure of either party to comply with the condition." 6 R. C. L. section 291.

In the contract we have under consideration, the parties thereto agree to exchange property upon the terms fixed and for considerations stated. No conditions are imposed. The agreement to make the exchange is positive and certain. As we read and interpret the language employed, the exchange of property between the parties does not rest upon any future contingency or the happening of any future event whatever. The parties explicitly agree that, if the pool hall cannot be

obtained by Call for a fixed rental, the "agreement shall become null and void and of no effect," thus expressly recognizing that a valid, binding, and enforceable contract with respect to the exchange of property has been made between them. We cannot conceive of any language that could be employed in a contract which would more clearly express a condition subsequent than the words used by the parties to this agreement imply. Like provisions in contracts of a similar character are generally regarded as conditions subsequent. *Northwestern Nat. Life Ins. Co.* v. *Wood,* 56 Okl. 188, 155 Pac. 524; *Taylor* v. *Modern Woodmen,* 72 Kan. 443, 83 Pac. 1099, 5 L. R. A. (N. S.) 283.

The plaintiff was not therefore required to plead nor prove the ability of Call to procure the pool hall at a rental of $150 per month. If Call was unable to procure the hall at the stipulated rental, it was incumbent upon the defendants to plead that fact and prove it. *Moody* v. *Amazon Ins. Co.,* 52 Ohio St. 12, 38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699; *Root* v. *Childs et al.,* 68 Minn. 142, 70 N. W. 1087; *Bear* v. *Atlantic Home Ins. Co.,* 34 Misc. Rep. 613, 70 N. Y. Supp. 581.

In 9 Cyc. at page 727, the rule of pleading is tersely stated to be:

"Thus in an action on a contract which on its face refers to a contingency on the happening of which the defendant should be discharged from liability, the plaintiff need not aver that the contingency has not happened; but if the defendant relies on it as a defense he must allege and prove that it did not happen."

The defendants by their answer failed to allege that the pool hall was not obtainable at a monthly rental of $150. Moreover, there is testimony in the record tending to show that the pool hall, as a matter of fact, could have been procured by Call at the stipulated rental. It will be borne in mind that the listing card received in evidence so represents.

Among the numerous cases cited in defendants' brief, special stress is placed upon the following cases, which, in effect, hold that before an agent is entitled to recover commissions he must produce a buyer who shall be ready, willing, and able to make the purchase on absolutely the terms fixed by the

owner: *Zeidler* v. *Walker,* 41 Mo. App. 118; *Sullivan* v. *Milliken,* 113 Fed. 93, 51 C. C. A. 79; *Hobart* v. *Kehoe,* 110 Minn. 490, 126 N. W. 66, 136 Am. St. Rep. 524.

These cases, and the many others cited in defendants' brief, correctly state the law as we understand it to be. Counsel, however, seem to lose sight of the fact that the rulings in the cases cited by them are predicated on conditions precedent and not upon conditions subsequent as heretofore pointed out. The cases therefore are distinguishable and have no application to the rule of law that must be applied in the case at bar.

Again, we are not inclined to look with much favor upon the attempt of the defendants to repudiate their contract with the plaintiff. Nor do we think that under the circumstances, as shown by the testimony in this case, any other self-respecting court would be. The testimony tends to show that after the plaintiff had made diligent effort to make an exchange of property and a binding agreement had been procured from Call to enable them to do so the defendants openly asserted that they would not keep their engagements with Call unless the plaintiff accepted a mere pittance for the services rendered. This the plaintiff declined to do, and, under the circumstances and for the reasons stated, we feel that the findings of the trial court were right and fully justified.

What has been said with regard to the failure of the defendants to plead as a defense the fact, if such were the fact, that the condition subsequent had not been performed, with respect to the matter of Call procuring the pool hall at the stipulated rental, we think also fully justified the trial court in excluding the testimony complained of as error.

The defendants, over the objection of plaintiff, offered to prove a fact that essentially should have been alleged in their answer if they expected to offer testimony to prove it.

Under the allegations of the complaint, and over the objection of defendants, testimony was introduced tending to show the refusal of the defendants to carry out the terms of the contract, although counsel for plaintiff announced that he did not deem the testimony necessary for

the purpose of a recovery. We do not think its admission was error.

Finding no reversible error in the record, it is ordered that the judgment of the district court be affirmed, with costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.