## METROPOLITAN NATIONAL BANK AND ANOTHER v. GOLD STABECK COMPANY.
## ELLA MICHAELIS v. MINNESOTA LOAN & TRUST COMPANY AND ANOTHER.[1]

December 19, 1924.

No. 24,162.

**Claim against insolvent corporation disallowed.**

A claim against an insolvent corporation for additional interest based upon an agreement "that at the time it collects the * * * interest coupons" accompanying a bond sold by it to claimant, the corporation itself would pay "one per cent (1%) interest on the face value of the bond until it is paid, such payment to be included with the interest remittance" was properly disallowed, it appearing that the coupons referred to had not been collected and that the corporation had not disabled itself from performing. The collection of the coupons is a condition precedent to the obligation to pay the additional interest.

Minnesota Loan & Trust Company and another were appointed receivers of the Gold Stabeck Company, an insolvent corporation. Ella Michaelis filed with the receivers proof of her claim against the insolvent company to which they objected. The matter was heard by Bardwell, J., who disallowed the claim. From the order of disallowance, Ella Michaelis appealed. Affirmed.

*M. O. Mouat* and *McDowell & Fosseen*, for appellant.

*Fowler, Carlson, Furber & Johnson* and *Ralph A. Comaford*, for respondents.

STONE, J.

Appeal from an order sustaining the objection of its receivers to a claim filed against Gold-Stabeck Company, an insolvent corporation. Several claims, identical in nature, are involved, although the order is before us for review with respect to but one of them. The controlling facts are these: Contemporaneously with her purchase

[1]Reported in 201 N. W. 427.

from it of the bond referred to, Gold Stabeck Company (hereinafter referred to as the company) executed and delivered to the claimant an undertaking labeled "Agreement for Additional Interest." Its recited consideration was the purchase of a first mortgage bond, the principal of which was $1,000, and the agreement on the part of the company was "that at the time it collects the six per cent (6%) interest coupons accompanying said bonds, it will, itself, pay one per cent (1%) interest on the face value of the bond until it is paid, such payment to be included with the interest remittance." The company was the trustee of the bond issue in question. The "going rate" of interest was higher than the interest rate provided for by the bond. The company was the trustee under about 90 similar bond issues, and in connection with the sale of those bonds many other similar "interest agreements" were given to the purchasers. In the case of some of them, in "various instances" as the record puts it, the company paid the additional interest, although interest past due from the makers of the bonds had not been paid. The coupons to which default in the payment of additional interest is now referred have not been collected by the company or at all. The failure of collection is due to no fault of the company.

If the agreement is a contract under which the obligation to pay additional interest has matured, the claim should have been allowed. In our opinion it has not and the order of disallowance was right. It is not a case where there was any pre-existing obligation to claimant. There was no indebtedness to her when the agreement was executed, so that all duties arising from the transaction came into being at that time. It is not a case like Nunez v. Dautel, 19 Wall, 560, 22 L. ed. 161, which involved a due bill acknowledging the existence of an accrued, unquestioned indebtedness, and stating that "this we will pay as soon as the crop can be sold or the money raised from any other source, payable with interest." Of course "no time having been specified within which the crop should be sold or the money raised otherwise, the law annexed as an incident that one or the other should be done within reasonable time, and that the sum admitted to be due should be paid accordingly. Payment

was not conditional to the extent of depending wholly and finally upon the alternatives mentioned."

The law cannot forfeit the debt because the creditor grants a temporary indulgence and agrees for the postponement of payment until reasonable time is allowed for the happening of an event expected to put the debtor in a position to pay. The rule is thus stated in Noland v. Bull, 24 Ore. 479, 33 Pac. 983. "Where there is a present debt then due, constituting the basis of an agreement, which merely postpones the time of its payment to an uncertain future date, when a certain specified transaction shall be accomplished, the agreement is to pay within a reasonable time whether such transaction is accomplished or not." The statement of that rule is sufficient to demonstrate its inapplicability to this case, for here, as already stated, there was no pre-existing indebtedness to claimant, nor was any obligation then created other than that, whatever it is, expressed by the agreement in question.

Returning to its language, there is noticeably absent any undertaking with respect to the principal of the bond or the interest payments due thereon. There was no guaranty of either and no absolute undertaking to collect either. The only promise was "that at the same time it collects  *  *  *  interest coupons  *  *  *  it will, itself, pay one per cent (1%) on the face value of the bonds until it is paid, such payment to be included with the interest remittance." It is doubtless true that claimant thought she was getting an absolute guaranty of the additional interest. But unfortunately for her we must be governed, not by what either or both of the parties actually intended, but by what the written expression of their mutual and contractual assent indicates that they intended. Thus restricted, we are bound to say that the actual collection of interest coupons is a condition precedent to the obligation of the company to pay the additional one per cent. There being nothing to indicate that failure of performance was due to fault of the company, the decision is ruled by such cases as Hobart v. Kehoe, 110 Minn. 490, 126 N. W. 66, 136 N. W. 524; and Vachon v. Nichols-Chisholm Lumber Co. 111 Minn. 45, 126 N. W. 278.

Order affirmed.