## STEWART v. KUSKIN & ROTBERG, Inc.

### No. 5080.

Court of Civil Appeals of Texas. Texarkana.

May 13, 1937.

McEntire, James & Shank, of Tyler, for appellant.

J. A. Mallory, of Lindale, for appellee.

WILLIAMS, Justice.

This is an action for damages for alleged breach of a written rental lease contract instituted by the landlord, Kuskin & Rotberg, Inc., plaintiff below, against the tenant, Austin E. Stewart, defend-

ant below. Judgment was entered for plaintiff, and defendant appeals.

Plaintiff pleaded all the terms of the contract, and further alleged that after occupancy by defendant of the rented premises for certain months, and the payment of rent for these months, that defendant abandoned the premises before the expiration date of the lease, and refused to pay further rent; that plaintiff was unable to secure another tenant for several months, but finally rerented the premises at a reduced monthly rental and that it was necessary to make certain repairs before it could be rerented; itemizing amounts received and expended, and prayed judgment for the amount of·the repairs, plus the amount to be paid under the original contract, less amounts received under second rental contract. Although plaintiff describes this difference in rents between the two contracts as unpaid rents, the allegations in petitions show it to be a suit in damages for a breach of contract. Defendant entered a general demurrer and general denial.

The ninth section of this contract provided that in case of default of any covenant or if premises became vacant the landlord could re-enter, resume possession, and relet it in his own name without terminating this lease, however, there should be credited to the account of the tenant the amount received from reletting. This section also provided for expenditures for repairs, if necessary to secure another tenant.

■ After defendant had vacated the premises and refused to pay further rent, under the provisions in this ninth section the landlord had the right to re-enter and to rerent the premises, and sue for the damages sustained. The proper measure of its damages is the difference between the contract price for the whole period and such sums as it may have received by way of rentals from the third party, after the use of reasonable diligence to obtain a tenant at the best rental possible under the circumstances of the case. Massie v. State Nat. Bank of Vernon, 11 Tex.Civ. App. 280, 32 S.W. 797; Marathon Oil Co. v. Edwards (Tex.Civ.App.) 96 S.W. (2d) 551; Walling v. Christie & Hobby, Inc. (Tex.Civ.App.) 54 S.W.(2d) 186; Robinson Seed & Plant Co. v. Hexter & Kramer (Tex.Civ.App.) 167 S.W. 749. And, in addition to the foregoing measure of damages, plaintiff would be entitled to recover for the necessary repairs as provided for in this lease.

■ The only evidence offered by either party was that given in a deposition by the president of plaintiff company. The court sustained the objections to the answers to questions 8 and 9, and, excluding this testimony, the remaining·evidence fails to show the amount of rents paid by defendant or the respective months occupied by him, the amounts received on reletting, the items and necessity for repairs, nor the diligence and efforts made to rerent the premises. Because of this, the cause will be reversed.

■ Defendant contends that before plaintiff's petition would state a cause of action against defendant for a breach of this contract, that it was incumbent upon plaintiff to allege "that neither party gave notice to the other of an intention to surrender or have possession of the premises." To this we do not agree. Upon this phase of the case the contract reads:

"Witnesseth: That the said landlord has let unto the said tenant, and the said tenant has hired from the said landlord, apartment No. 612 * * * for the term of one year commencing on October 1, 1930, and ending on September 30, 1931, to be used as a dwelling apartment, at the yearly rental of $1680, payable in equal monthly payments of $140, in advance on the 1st day of each and every month during said term. * * *

"Second. The said premises are also leased upon the further covenants and conditions between the parties hereto. * * *

"Twenty-fourth. That this letting and hiring shall be extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby, at the same rental without any deduction or concession, and upon all the above terms, unless either party on or before the 1st day of August next preceding the termination of any term granted hereby, shall give notice to the other of an intention to surrender or have possession of the premises, as the case may be. Notice by the landlord to the tenant may be given by writing to that effect left upon the premises of the tenant. * * * Notice by the tenant to the landlord must be given by sending the same by U. S. registered mail, or * * * This clause shall be and continue

operative likewise with respect to any renewals or extensions hereof."

When the three clauses quoted are construed together, it is to the same effect as if the first clause had read "for a term of two years," unless either party should give to the other notice by a certain time, in which event it would terminate. In Willcox v. Montour Iron & Steel Co., 147 Pa. 540, 23 A. 840, the Supreme Court of Pennsylvania in construing and discussing a contract with similar provisions to those in the instant case states: "The first clause of the lease creates a term for one year, and, if there were nothing further upon the term, appellant would clearly be right in its contention that its liability for rent ceased with the year. But the subsequent clause, numbered 7, must be construed together with the first, and as part of the language of the parties defining the term created. Clause 7 begins: 'From and after the expiration of the term hereby created, this lease shall be deemed to be renewed, and in force for another year.' * * * That it should be a covenant absolute and indefinite was not, however, the intention of the parties, and so they added the condition of defeasance, 'unless either party shall have given to the other notice of its intention to determine said tenancy sixty days prior to the expiration of any current year.'"

The Supreme Court of Minnesota in Root v. Childs, 68 Minn. 142, 70 N.W. 1087, 1088, in discussing a "condition subsequent" in a contract said: "The contingency is in the nature of a condition subsequent, and it is not necessary to allege in the complaint the nonhappening or noncontinuance of the contingency * * * leaving the defendants to plead the happening of the condition subsequent which might excuse payment."

The Supreme Court of New York in Jacob Dold Pkg. Co. v. Kings County Refrig. Co., 176 App.Div. 407, 162 N.Y.S. 1035, 1038, states: "The privilege to renew the contract for refrigeration for five years * * * was not made dependent on any prior notice. It was sufficiently exercised by continuing the use of defendant's refrigeration and making payments therefor."

Plaintiff pleaded that the defendant used and occupied this apartment and paid the rents due thereon until on or about December 1, 1931, when on this date defendant abandoned same. Plaintiff's pleadings amount in substance to an allegation of holding over, or two months occupancy by tenant on second term with permission of the landlord in that it accepted the rents from the tenant. A holding over by permission of the landlord may justify a conclusion that the term was extended by the parties upon the terms of the prior lease, unless overcome by proof of intention to the contrary. Furr v. Jones (Tex.Civ.App.) 264 S.W. 164; Beach Realty Co. v. Wildwood, 105 N.J. Law, 317, 144 A. 720, 64 A.L.R. 309; 27 Tex.Jur. 308, 321.

We are therefore of the opinion that the party to this contract who seeks to avoid its terms or who relies upon a termination of same should plead and prove the giving of this notice at the time and in the manner specified in the contract. We consider the terms of section 24 a "condition subsequent."

The judgment is reversed and the cause remanded.