JOHN A. HUSENETTER V. ANDREW GULLIKSON.

FILED MAY 4, 1898.   No. 8046.

Promise to Pay Debt of Another: PLEADING AND PROOF.   Where the promise of a party to pay the debt of another is expressly contingent upon the happening of a certain event, the happening of such event must be alleged and proved to render the promisor liable.

ERROR from the district court of Boone county.   Tried below before THOMPSON, J.   *Reversed.*

*W. M. Robertson*, for plaintiff in error.

*F. S. Howell* and *C. E. Spear*, contra.

RYAN, C.

In this case there were a verdict and judgment in favor of the plaintiff in the district court of Boone county.   In his petition plaintiff, in substance, alleged the recovery of a judgment before a justice of the peace of said county against Knudt C. Anderson, February 7, 1892; that a transcript of said judgment was duly filed and docketed in the office of the clerk of said district court January 28, 1893; that about January 1, 1893, John A. Husenetter was negotiating for the purchase from Anderson of certain of his real property situated in said county and was informed by the attorney for plaintiff that plaintiff had obtained said judgment for the sum of $130, and that a transcript of said judgment would be filed in the office of the aforesaid clerk.   The further averments of the peti-

tion were made with a view to rendering Husenetter liable for the debt of Anderson evidenced by the aforesaid judgment. Whether or not Husenetter's alleged promise was to answer for the debt of another, and was, therefore, void because not in writing, we cannot consider, for the reason which an analysis of that portion of the petition to which we will now devote attention will disclose.

After the averments of the matters above recited it was alleged in the petition that on January 1, 1893, the title to the land of Anderson was held by O. M. Needham, but that, as was well known to plaintiff and defendant, Needham held such title only as security for a sum loaned by Needham to Anderson, and that the relation between the two persons last named was that of mortgagee and mortgagor. It was further averred that the attorney for plaintiff, on January 1, 1893, told Husenetter of these facts and informed him that plaintiff claimed that his judgment was an equitable and valid lien upon the premises of which Needham held the title, and that he, the said attorney, intended to commence an action in the district court of Boone county to have the deed from Anderson to Needham adjudged to be but a mortgage, unless the interests of plaintiff therein could and would be protected. Following the above matters the language of the petition was as follows: "That defendant herein [Husenetter] told the plaintiff's attorney that he would protect the judgment of plaintiff, and that no such action to have said deed to Needham declared and decreed a mortgage need be instituted; that he, the defendant, knew said deed from Anderson to Needham was given and delivered as security only for the payment of an indebtedness due and owing from Knudt C. Anderson to said Needham, and that he was going to pay all judgments against said Knudt C. Anderson and would pay the said judgment of the plaintiff as soon as the deal and transaction between the defendant and Knudt C. Anderson could be consummated; that he had not at that time completed negotiations with the said Knudt C. An-

7

derson for the purchase of said premises, and that as soon as the same were completed, he, the defendant, would pay the judgment of the plaintiff set out herein, and that said Knudt C. Anderson desired him to pay the same and other judgments against him, the said Knudt C. Anderson." There was no averment in the petition that the deal and transaction between Anderson and Husenetter had ever been consummated. There was an averment that Needham, by quitclaim deed, had conveyed to Husenetter, but, according to the averments of the petition, Needham was in fact a mere mortgagee and his quitclaim deed, therefore, could scarcely be accounted the consummation of a purchase as between parties, to each of whom was known the exact condition of affairs above alleged to have been within their knowledge. From the bill of exceptions we learn that there was a written contract between Anderson and Husenetter by the terms of which the consummation of the purchase was to be effected by a good and sufficient warranty deed from the former to the latter. Tested, therefore, by the averments of the petition, or by the proofs adduced, the contingency upon which depended the liability of Husenetter, according to the averments of the petition, has never arisen; hence, independently of every other consideration, plaintiff's action was prematurely brought and the judgment of the district court is accordingly reversed.

REVERSED AND REMANDED.