# NORTHWESTERN NAT. LIFE INS. CO. v. WARD.

No. 4831.    Opinion Filed December 21, 1915.

On Petition for Rehearing March 7, 1916.

(155 Pac. 524.)

1.    **INSURANCE—Pleading—Action on Policy—Limitation Clause—Defense—Pleading—Departure.** After the lapse of one year from the date of the death of the insured, plaintiff sued to recover on an insurance policy issued in the Indian Territory prior to statehood, which policy contained a provision limiting the time within which suit could be brought to one year from the date of the death. Her petition pleaded the performance of the conditions precedent, but did not plead a waiver of the limitation clause in the policy. The defendant answered, pleading the limitation provision of the policy and the fact that the action was commenced after the lapse of one year from the date of the death of the insured. The plaintiff then filed a reply, admitting that the suit was commenced more than one year after the death, but pleading facts which, if true, would estop the defendant to take advantage of the limitation clause as a defense. The defendant then moved to strike that part of the reply as being a departure. **Held,** not a departure, the limitation clause not being a condition precedent to liability of the policy, but only fixing a limitation of time within which suit could be commenced, on the policy after the death of the insured, which could be waived by the insurer or pleaded as a defense to the action.

2.    **SAME—Estoppel—Contract Limitation—Waiver.** A clause in an insurance policy issued in the Indian Territory prior to statehood, providing that no waiver of any provision of the policy could be valid unless in writing and signed by the president and one other officer of the company, has no reference to the conduct of the general counsel of an insurance company in whose hands the company has placed for settlement a death claim against it, who, by promise of settlement, induces the claimant to defer suit on the policy until after the expiration of the time limit fixed by the terms of the policy in which action on it could be commenced. Such conduct would not alter the contract nor would it, not being in writing and signed by the president and one other officer of the company, be a waiver, but it would be an act, not stipulated against by the clause referred to, which would estop the company to claim the benefit of such provision.

3. **CONTRACTS—"Condition Precedent."** A "condition precedent" of a contract is one which calls for the performance of some act, or the happening of some event, after the contract is entered into, and upon the performance or happening of which its obligations are made to depend.

4. **SAME—"Condition Subsequent."** A "condition subsequent" of a contract is one which follows the performance of the contract and operates to defeat or annul it upon the subsequent failure of either party to comply with the condition.

5. **ESTOPPEL—"Waiver"—Distinction.** A distinction is drawn between "waiver" and "estoppel" when the two doctrines are discussed in their purely technical aspect. Waiver involves the notion of an intention entertained by the holder of some right to abandon or relinquish instead of insisting on the right. An estoppel arises when the purpose or natural consequence of a person's representations or conduct is such as to induce another person to do or to omit some act the doing or omission of which would turn out to his detriment and to the inducing party's benefit if the latter were permitted to take advantage of it. Such estoppel more often carries with it the implication of fraud than does waiver.

(Syllabus by Wilson, C.)

*Error from District Court, Garvin County.*

*R. McMillan, Judge.*

Action by Rebecker Ward against the Northwestern National Life Insurance Company. Judgment for the plaintiff, and defendant brings error. Affirmed.

*Wilson & Tomerlin* and *E. E. Buckholts,* for plaintiff in error.

*Blanton & Andrews,* for defendant in error.

Opinion by WILSON, C. Defendant in error, as plaintiff, commenced this action against the plaintiff in error, as defendant, to recover on a certain life insurance policy written on the life of Coleman A. Ward, her husband. Plaintiff's petition was filed on March 16, 1909, and alleged that the insured, Coleman A. Ward, died on the 1st day of August, 1907, that being more than one year before

the commencement of the action. One of the provisions. of the policy sued on is that:

"No suit at law or action in equity shall be brought. to recover on this policy after one year from the actual date of the death of the insured, and if such suit be brought. after such period of one year the lapse of time shall be a. conclusive bar thereto, any statute or law to the contrary notwithstanding."

The defendant filed its answer to plaintiff's petition,. in which it set out the above-quoted provision of the policy, alleged the same to have been a condition precedent to· liability thereon, and pleaded the fact that the action was commenced more than one year after the actual death of the insured as one of its defenses. Upon defendant's an-- swer being filed the plaintiff filed her reply thereto, in the second paragraph of which she admitted the clause re-- ferred to, and that the action was not commenced within the year, but alleged that during the year following the death of the insured, and up to within three months of the date of the filing of her suit, she and the defendant were attempting to negotiate a settlement; that the defend- ant, during said time, made different propositions of settle-- ment and compromise, and by its long course of conduct and many assurances of settlement induced the plaintiff to believe that the matter would be settled and adjusted without litigation; that but for such conduct and assur-- ances of settlement by the defendant the plaintiff would have instituted suit on the policy within the time limit of one year, and that by such conduct the defendant was: estopped from availing itself of such provision of the pol- icy, and wholly waived the same. Upon the reply being filed the defendant moved the court to strike therefrom all the allegations having reference to such waiver, for the

reason that they were inconsistent with the allegations of plaintiff's petition and constituted a departure therefrom. This motion was overruled by the court, which action was excepted to at the time and constitutes one of the alleged errors assigned by the defendant in its petition in error and urged in its brief. The plaintiff in error, in its brief, says:

"The assignments of error which we desire to present to this court may be well presented in two general headings:

"First. The reply filed by the plaintiff in this case constituted and was a departure to the cause of action as pleaded and set out in the plaintiff's petition.

"Second. The waiver claimed to have been made to the written stipulation and provision of the policy, to the effect that the suit must be brought within one year from the date of the death of the deceased, as contended for by the plaintiff, was insufficient to bind the defendant and to constitute an excuse for noncompliance with the provisions of the policy on part of the plaintiff."

Therefore, in consideration of the foregoing, the first question which arises for our decision is: Do the allegations of the second paragraph of plaintiff's reply constitute a departure from the allegations of her petition? A departure in pleading is defined in the seventh volume of the Standard Encyclopedia of Procedure, page 117, as:

"The abandonment of one ground of action or defense asserted in one pleading and the substitution of some other ground or defense in a subsequent pleading."

Under the established practice of this state a departure in pleading by alleging in a reply facts materially inconsistent with the facts alleged in the petition will not be permitted when the objection is properly taken advan-

tage of by a motion to strike the objectionable matter from the reply. *St. Paul Fire & Marine Insurance Co. v. Mountain Park Stock Farm Co.*, 20 Okla. 79, 99 Pac. 647; *Merchants' & Planters' Ins. Co. v. Marsh*, 34 Okla. 453, 125 Pac. 1100.

A reply filed in an action to recover on an insurance policy which admits the nonperformance of a condition precedent and sets up facts to show that the performance of such condition precedent had been waived, when the petition in the action had affirmatively alleged that such conditions precedent had been performed, is a departure from the cause of action alleged in the petition *(St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm, supra; Merchants' & Planters' Ins. Co. v. Marsh, supra)*; but a like manner of pleading does not constitute a departure when the conditions involved are what is known as "conditions subsequent" or promissory warranties. *Western Reciprocal Underwriters' Exchange v. Coon*, 38 Okla. 453, 134 Pac. 22.

A condition precedent of a contract is one which calls for the performance of some act or the happening of some event after the contract is entered into and upon the performance or happening of which its obligations are made to depend. R. C. L. title, Contracts, sec. 290, p. 904.

A condition subsequent of a contract is one which follows the performance of the contract and operates to defeat or annul it upon the subsequent failure of either party to comply with the condition. R. C. L. title, Contracts, sec. 291, p. 906.

The stipulation or condition of the policy sued on in this case that an action could not be brought to recover on the policy after one year from the actual date of the

death of tthe insured was one which, in its very nature, could not prevent the accrual of a right to recover on the policy, and consequently was not a condition precedent of the policy, but was a limitation on the beneficiary's right to sue at law or in equity after her right to do so had accrued, and was in the nature of a condition subsequent, although not strictly so, which did not defeat or annul the policy, but placed a time limitation on the right to enforce payment of any amount to come due on the same, in the absence of a waiver or estoppel.

The clause in question, which prohibited suit on the policy being brought after a year from the date of the death of the insured, was not averred in the petition or set out in the exhibit thereto, and it was not necessary for the plaintiff to do so to state a cause of action, for while it was a part of the contract, it was a provision which in no way affected the liability, but related only to the enforcement. It was one wholly for the benefit of the insurer, and could be waived, and, if not waived and suit was brought to recover on the policy after the expiration of the time limit, that fact could have been and was pleaded in defense of the action, and the plaintiff's plea of facts, by way of reply, which tended to establish a waiver or an estoppel, was a proper plea and did not constitute a departure. *Fred Miller Brewing Co. v. Capital Ins. Co.*, 111 Iowa, 590, 82 N. W. 1023, 82 Am. St. Rep. 529.

It is next urged that the waiver contended for by the plaintiff was not sufficient to bind the defendant and to constitute an excuse for noncompliance with that provision of the policy which limited the time within which suit could be commenced thereon to one year after the death.

7—56

That was a harsh provision, inserted in the policy for the benefit of the insurance company and was one which unquestionably could be waived, and it only remains to be determined whether the evidence offered was competent and sufficient to sustain the plaintiff's claim of estoppel or waiver.

The policy sued on contains this provision:

"No agent shall have power to alter or change in any way the terms of this contract, to extend credit, to waive forfeiture, or to write anything upon the policy. No alteration or waiver of any of the terms of this policy shall be valid unless in writing and signed by the president and one other officer of the company, it being understood that the powers of the president herein stated shall not be delegated."

This, too, was a provision of the policy inserted by the insurer for its own benefit, and should not be given a broader or more extended meaning than should be reasonably attributed to the language used, and in determining the bearing it should have on the determination of this case we think the word "waiver" as it is therein used should not be given that broad and inclusive meaning synonymous with "estoppel," in which sense it is sometimes carelessly used in reports and by text-writers.

A distinction is drawn between waiver and estoppel when the two doctrines are discussed in their purely technical aspect. Waiver involves the notion of an intention entertained by the holder of some right to abandon or relinquish, instead of insisting on, the right. An estoppel arises when the purpose or natural consequence of a person's representations or conduct is such as to induce another person to do or to omit some act, the doing or omission of which would turn out to his detriment and to the

inducing party's benefit if the latter were permitted to take. such advantage of it, and such an estoppel more often carries with it the implication of fraud than waiver does. *Fairbanks, Morse & Co. v. Baskett,* 98 Mo. App. 53, 71 S. W. 1113.

Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert a right which the law places on one as a consequence of his own conduct which has resulted, in injury or detriment to another. *Libby v. Haley,* 91 Me. 331, 39 Atl. 1004.

"Waiver belongs to the family of estoppel in a sense, and yet an estoppel * * * has connections that are no kin to waiver. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do."

"Estoppel results from an act which may operate to the injury of the other party; waiver may affect the opposite party beneficially." *(Kennedy v. Manry,* 6 Ga. App. 816, 66 S. E. 29.)

Keeping in mind the distinctions between waiver and estoppel, we proceed to the consideration of those assignments of error discussed in plaintiff in error's brief by which it questions the admissibility and sufficiency of the evidence, whereby defendant in error, in the trial court, sought to establish what it terms the company's waiver of the limitation clause of the policy sued on.

Plaintiff's attorney offered, by his own testimony, secondary evidence of the receipt by him, after October 21, 1907, and up to the latter part of the year 1908 or the first part of the year 1909, of various lost letters from defendant's general counsel, containing promises that if suit on the policy would be withheld payment would be made. Objections were made to the reception of this evidence: First,

because it was incompetent to vary the terms of a written contract; and, second, because no proper notice had been given to the defendant to produce the originals of such letters. The latter objection was waived if, in fact, such notice was required, and none was given, by the defendant thereafter offering testimony in support of his own contention that no such letters were ever written, and that, in fact, no letters whatever, concerning the controversy, were written after October 21, 1907. The defendant will not be permitted to predicate error on the fact that plaintiff did not do a thing which, had she done it, could not possibly, under its own contention in the case, have been productive of the result demanded.

Did the receipt of the offered testimony of plaintiff's attorney tend to vary the terms of a written contract? It did not. It only tended to show facts which would estop the defendant from availing itself of the benefit of one of the terms of the policy.

Now, we come to the question whether, in face of that clause of the policy last above quoted, a waiver or estoppel could be shown by the testimony of plaintiff's attorney concerning the contents of certain lost letters from defendant's general counsel which tended to mislead the plaintiff into deferring her action until after the expiration of the time fixed by the policy within which such an action could be instituted.

The testimony of plaintiff's attorney on which she relies to sustain her allegation of estoppel or waiver is not recited in the case-made in language purporting to be that of the witness on the witness stand, but is recited in narrative form, that part relating to the contents of the

letters from the defendant's general counsel written after October 21, 1907, being as follows:

"That they contained promises on part of said defendant company that if said suit was withheld that defendant would pay the plaintiff's claim upon the policy of insurance, and that said correspondence continued in a desultory manner and the promises therein made continued to be made in the subsequent letters or letter that the defendant would pay the said claim if suit would be withheld until the latter part of the year 1908 or the early part of the year 1909, and that because of said promises, he, as attorney for Rebecker Ward, plaintiff, refrained from bringing said suit until he did file suit in this case on the 16th day of March, 1909."

This being a case which arose before statehood on an Indian Territory policy, the defendant contends for the application to its case of that rule followed in the case of *Phoenix Ins. Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583, wherein the evidence was held to be incompetent to establish a waiver because of a clause in the policy sued on in that case similar to the one in the policy sued on in this which indicated the manner in which a waiver could be executed and the officers who could execute it, but without indicating what our holding would be if the evidence complained of in this case had been such as tended only to establish a waiver, the right contended by the plaintiff to have been waived being one affecting the remedy only, we must hold that that rule is not applicable to this case. This clause of the policy defining the manner in which provisions of the policy may be waived and designating who must sign a waiver cannot be extended to and made to include any act of the company's general counsel which would exceed a mere waiver of some provision of the policy

put there for the insurer's benefit, but which would, in law, constitute an estoppel.

The undisputed evidence in the case was to the effect that the entire controversy was, on the part of the defendant, placed in the hands of its general counsel for settlement, and if, as the plaintiff's evidence reasonably tends to show, defendant's general counsel continued, throughout the year in which the suit to recover on the policy could have been commenced, to write to plaintiff's attorney that if suit would be withheld plaintiff's claim would be paid, he did so for the purpose of deferring action on part of the plaintiff; and, if by so doing he succeeded in persuading plaintiff's attorney to forego beginning action during the contract period of **limitation and then,** after that time had expired, refused to pay the claim, he not only waived the right of his client to avail itself of the benefit of the one-year limitation clause of the policy as a defense to the suit, but absolutely estopped the defendant from taking such an unconscionable advantage of the situation thus brought about as to say to plaintiff: We placed our controversy with you in the hands of our general counsel for settlement, but if, in the course of his negotiations with you, he told you that if you would withhold your suit, your claim would be paid, we will not be bound by his action, and will repudiate it, but we will leave you to "hold the bag" and suffer the loss of that which you relinquished on faith of his promise. For the defendant company to refuse to settle plaintiff's claim after its general counsel had made such a promise, if he did, in fact, make such a promise, and thereby leave plaintiff without a remedy, would be a downright fraud, and one which the law will not tolerate or permit the defendant to take advantage of. In *Libby v. Haley, supra,* it was said by the Supreme Court of Maine:

"Sometimes the conduct of a party may show that he not only intended to, and did, waive his rights, but that the adverse party had been misled thereby, when the law raises an absolute bar to the repudiation of conduct that caused the mischief. This is estoppel, although it may contain all the elements of waiver. * * * If the conduct misleads, deceives, then the law visits the consequences upon him who has caused the mischief, and declares an estoppel."

It is just such a condition as this that the defendant finds itself in, and regardless of whether its general counsel had the power to waive the limitation provision of the policy, his conduct, if it was such as the testimony of plaintiff's attorney detailed, was an estoppel *in pais*, against the force of which the clause limiting the evidence of waiver to a writing signed by the president of the company and one other officer will not protect it and was not intended to do so.

We see nothing in the record rendering the testimony complained of incompetent; and, the jury having found the issues of fact in favor of the plaintiff, we feel that the judgment appealed from should be affirmed, and so recommend.

By the Court: It is so ordered.

## ON PETITION FOR REHEARING.

Opinion by CLAY, C. We have examined the petition for rehearing of the plaintiff in error, the grounds alleged being: (1) That a question of fact submitted was overlooked by the court; (2) that the court overlooked an assignment of error, charging error in the trial court in overruling the motion to make the petition more definite and certain; (3) that the court overlooked express and con-

trolling decisions which hold that the matters pleaded in plaintiff's reply constitute a departure.

1. The question of fact submitted was presented on the hearing of this case, and upon a re-examination of the same it clearly appears that this question of fact was decided by the trial court and jury adverse to the plaintiff in error, and was a controverted question of fact. The contention here goes only to the weight of the testimony, and we deem it unnecessary to cite authorities that this court will not reverse or grant a rehearing in a case where the jury has decided the same on conflicting evidence.

2. Where counsel presented a case to the court upon certain assignments of error only, as they did in this case upon the following propositions: (1) That the reply constituted a departure; (2) that the waiver pleaded in the reply is insufficient to constitute an excuse for nonperformance of the provisions and conditions of the policy—it is too late to urge other assignments, not originally presented, on rehearing. They will be considered waived. We are of the opinion that the trial court's action in overruling the motion to make the reply more definite and certain did not constitute reversible error.

3. The contention that the reply constituted a departure was fully discussed in the opinion deciding this case, and we fully concur in what was there said.

The petition for rehearing should be denied.

By the Court: - It is so ordered.