## RULE v. RULE.

No. 11383—Opinion Filed June 19, 1923.

Rehearing Denied July 24, 1923.

Second Rehearing Denied Nov. 20, 1923.

1. **Pleading—Departure—Reply in Ejectment—Divorce Decree as Defense.**
In an action in ejectment, where the defendant pleads, as a defense, a decree in a

divorce suit, rendered October 11, 1912, which gave her the right of possession or at her option $1,000 in cash upon her surrendering possession, and the plaintiff replies, pleading a modifying order of said decree, rendered by same court February 16, 1917, upon motion of said defendant, the modifying order changing the original decree requiring the plaintiff to pay $1,000 cash and defendant to surrender possession, and further pleads compliance on the part of plaintiff and failure of defendant to surrender possession, and the defendant files motion to strike the reply on ground same is improper, being a departure, held not error to overrule the motion.

## 2. Same—Reply as Plea in Estoppel.

In an action in ejectment, where the defendant pleads, as a defense, a decree in a divorce suit, rendered October 11, 1912, which gave her the right of possession or at her option $1,000 in cash upon her surrendering possession, and the plaintiff replies, pleading a modifying order of said decree, rendered by same court February 16, 1917, upon motion of said defendant, the modifying order changing the original decree requiring the plaintiff to pay $1,000 cash and defendant to surrender possession, and further pleads compliance on his part and failure of defendant to surrender possession, held plea in estoppel and good against motion to strike.

## 3. Estoppel—Ejectment—Divorce Decree as Defense—Estoppel by Modification of Decree.

In an action in ejectment, where defendant pleads, as a defense, a decree in a divorce suit rendered October 11, 1912, which gave her the right of possession or at her option $1,000 in cash upon her surrendering possession, and plaintiff replies, pleading a modifying order of said decree, rendered by same court February 16, 1917, upon motion of defendant, the modifying order changing the original decree requiring the plaintiff to pay $1,000 cash and defendant to surrender possession, and the plaintiff complies with the terms of the modified decree, and the defendant receives the benefits and refuses the burdens, held, she is estopped to deny the validity of the modifying order or claiming any rights under the original decree as a defense to the petition in ejectment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Payne County; Arthur R. Swank, Judge.

H. A. Johnson, for plaintiff in error.

Freeman E. Miller, for defendant in error.

Opinion by THREADGILL, C. This case presents error from the district court of Payne county. The plaintiff in error will,

hereinafter, be called defendant, and the defendant in error, plaintiff, as in the court below. The plaintiff and defendant, prior to October 11, 1912, were husband and wife. They had two children and some property. They had domestic trouble. The plaintiff, husband, brought suit for and obtained a divorce on the 11th day of October, 1912. The children were awarded to the defendant. She was allowed to occupy the dwelling house on N. E. ¼ of section 12, township 19 north, range 1 west, being in Payne county, and to possess and use a garden plot and a chicken house and have pasturage for milk cows on same; the plaintiff was to pay her $1,000 at her option in case she desired to move off of the said premises. About February 16, 1917, the defendant filed a motion in the district court of Payne county asking that the order and judgment of October 1, 1912, be modified, giving her greater authority over the children, and requiring the plaintiff to pay her the $1,000 cash, and permitting her to remove from the premises, and the plaintiff and defendant both being in court, the cause was heard and the order was made, modifying the original judgment and in favor of the defendant, requiring the plaintiff to pay her the $1,000 cash, and permitting and requiring the defendant to move off of the premises after her school was out, which was within a few weeks, and to leave the premises and certain personal property in his possession. The plaintiff paid the $1,000 satisfactorily to the defendant, complied with the modifying order of the court, and the defendant received the payment and the advantages of the said order, and then refused to move from the premises; and on April 21, 1919, the plaintiff commenced this suit in ejectment to obtain possession of the premises occupied by the defendant. He alleged in his petition that he was the owner and entitled to the possession of the premises and based his right upon a patent issued to him by the United States Government, and stated that the defendant held possession unlawfully and to his damage in the sum of $975. She answered claiming the right to continue in possession under the judgment of October 11, 1912; and the plaintiff replied, first, by general denial, and second, by pleading an estoppel, in that the district court of Payne county on February 16, 1917, on motion of the defendant, modified the original judgment of October 11, 1912, in certain particulars, especially that portion of the judgment relating to the occupancy of the premises by the defendant ,and directing the payment of the $1,000 referred to in the original decree;

that the modifying order was satisfactory to the defendant and the plaintiff had in all things complied with the same; that the defendant received and retained for her use all the benefits accruing to her under said order, but refused to accept the burdens thereof, and that by reason of such facts, and her acceptance of the benefits of said order, she is estopped to assert her claims under the original judgment, and the plaintiff prays for judgment as in his petition.

Thereafter, on May 27, 1919, the defendant filed a motion to strike out all the second paragraph of the reply, claiming a departure, which motion was by the court overruled, and the defendant excepted. On the 8th day of October, 1919, the case was tried to a jury and at the close of the evidence the court instructed the jury generally as to the law of the case, and, among other things, that the decree rendered by the district court of Payne county, on the 16th day of February, 1917, modifying the decree issued by said court on the 11th day of October, 1912, had become final and that under the said modifying decree, plaintiff, since about October 1, 1919, had the right to the possession of the premises described in the petition, and that the only question for the jury to determine was the amount of damages to be recovered by him, and the jury brought in two verdicts in favor of the plaintiff, one, for the possession of the real estate, and the other for damages, and the judgment of the court is based upon the verdicts of the jury. The defendant filed motion for new trial, alleging seven errors, complaining of the order of the court overruling the defendant's motion to strike paragraph of the reply, overruling the demurrer to the evidence, errors of law occurring at the trial, error of the court in giving instructions Nos. 4 and 5, error of the court instructing the jury that order of the court in the divorce proceedings, made on the first day of October, 1917, was a valid order, not having been appealed from, and that the plaintiff had the right to the possession of the property sued for, and that the only duty for them to perform was to find the amount of damages asked for by the plaintiff. The motion for new trial was overruled; the defendant excepted and gave notice of appeal, and the court granted time in which to prepare and serve case-made. The record does not show that the case-made was served on the plaintiff, but the plaintiff in his brief makes no objection and concedes that the case-made was served and that certain amendments were suggested, to wit: the testimony is not in the record; the exhibits offered in the trial are not recited; that copies of certain proceedings in the trial of the divorce case October 11, 1912, and the modifying proceedings February 16, 1917, were not in the record; which record or case-made was filed in this court within the time required by law, but not complete, as complained of by the plaintiff in his brief.

There being no testimony in the record, this court cannot consider any errors complained of requiring an examination of testimony.

The defendant filed her motion to strike the second paragraph of plaintiff's reply, on the ground that the same was improper and a departure from the petition of the plaintiff, which motion was overruled by the court and the defendant excepted. The defendant claims that this was error. The defendant further claims that the second paragraph of the plaintiff's reply was no defense to the defendant's answer because the district court had no jurisdiction to modify or change the original decree of divorce which was attempted to be done by said court on the 16th day of February, 1917, and this order being void was without any force or effect as a defense. The record being incomplete, and our review being limited, we will consider only these two complaints of the defendant.

1. The defendant contends that when the plaintiff pleaded the modifying order of the court in the divorce proceedings in reply to the answer of the defendant, this was a departure and changed the right to recover possession of the land based upon his title under the patent as set out in his petition to avoid order or judgment of the court. We cannot agree with this contention. The petition of the plaintiff contained the ordinary allegations of a petition in ejectment, but the answer of the defendant pleads her right to possession under a decree of divorce and alimony rendered October 11, 1912, and the second paragraph of the reply complained of does not change the basis of the action, but avoids the defense. The defendant in her answer pleaded the first divorce decree of October 11, 1912, wherein she was given the right to hold possession, and the plaintiff replied by pleading the modifying order of February 16, 1917, wherein the plaintiff was ordered to pay $1,000 at once, and defendant's right to possession was terminated. There is nothing in the reply inconsistent with the petition.

"A departure in pleading is where the party quits or departs from the case or defense which he first made and has recourse to another. The statement of matter not

pursuant to the previous pleading of the same party and which does not support and fortify it." 31 Cyc. 255.

A reply admitting that suit was commenced after expiration of the limitation period prescribed by the Indian Territory policy sued on, but pleading facts which if true would estop defendant from taking advantage of such clauses as a defense, held not a departure. Northwestern National Life Ins. Co. v. Ward, 56 Okla. 188, 155 Pac. 524.

"As a general rule an estoppel relied on in avoidance of defense must be specially pleaded by reply." 16 Cyc. 811.

Section 4753, Rev. Laws 1910, provides as follows:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him; and he may allege in ordinary and concise language and without any repetition, any new matter not inconsistent with the petition and constituting a defense to such new matter in the answer; or he may demur to the same for insufficiency, stating in his demurrer the ground thereof; and he may demur to one or more of such defenses set up in the answer, and reply to the residue."

We think the plaintiff's reply comes clearly within the purview of this statute and is not a departure as claimed by the defendant, and the court was right in overruling the motion to strike.

2. The second complaint of the defendant is that the district court of Payne county had no jurisdiction to modify the original decree of divorce as was attempted to be done by said court on the 16th day of February, 1917, and the court should not have permitted the plaintiff to set this up in his reply to the defendant's answer.

It is true, under our divorce and alimony statute, there is no provision for setting aside or modifying the judgment other than the general law laid down in sections 810 to 818, inclusive, Compiled Statutes 1921, except as to the disposition of minor children, set out in section 507, Compiled Statutes 1921, and the order of the court February 16, 1917, modifying and changing the judgment of the court in the divorce suit of October 11, 1912, was void and of no legal force and effect as to the minor children. But this modifying order was obtained at the instance of the defendant, she filed a motion asking for the change, and the plaintiff responded, believing the court had jurisdiction, and the court heard the cause, both parties being present, and made the order modifying the original decree in favor of the defendant, and to her satisfaction, as she had asked in her motion, giving her right to remove at once from the said premises and requiring the plaintiff to pay her the $1,000 immediately, which was mentioned in the original decree, and the plaintiff complied with all the terms of the modifying order and the defendant received the payment of the $1,000 and other property and continued to hold possession of the premises, and when plaintiff demanded possession in an action in ejectment, she answered that she was holding possession under the judgment she moved to have modified, and without giving up the benefits she had received under the modifying order. All these things being true, we cannot see how the defendant can complain of second paragraph of the plaintiff's reply. Can it be said that she was right and in good faith and could she be permitted to possess and enjoy the benefits of this modifying order of the court, although void, without complying with the conditions and assuming the burdens of the same? The defendant does not undertake to justify this conduct on her part in her brief and argument of this case and the plaintiff contends that since she was the moving party in securing the modifying order and since she received the benefits accruing under the same, she is estopped from denying the validity of the said order. We believe this contention is correct under the wide and varied provisions of the doctrine of estoppel.

It is stated in 16 Cyc., page 785:

"Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner or asserted a particular claim, title, or right, he cannot afterward assume a position inconsistent with such act, claim, or conduct to the prejudice of another."

This statement is founded upon authorities from nearly every state, including Oklahoma. Our statute, section 5247, Compiled Statutes of Oklahoma, 1921, provides:

"Receiving Benefits.—Any person or corporation having knowingly accepted the benefits or any part thereof of any conveyance, mortgage or contract rendered to real estate shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or the authority to make and execute the same except on the ground of fraud."

In Massachusetts Bonding & Insurance Co., v. Vance, 74 Oklahoma, 180 Pac. 693, the Supreme Court of this state, in passing on the principles herein involved, says:

"For the purpose of defeating liability, a party will not be heard to say he never made a contract, and, inconsistent with such assertion, retain the benefits flowing from the alleged transaction."

In Yates v. Yates, 60 Okla. 217, 159 Pac. 1107, this court voiced the same principle in a divorce case:

"Where the party accepts alimony money paid in on judgment, held, estopped from prosecuting appeal from judgment."

This doctrine is fundamental, and is set out in Pomeroy's Equity Jurisprudence, sec. 801:

"Equitable estoppel is therefore a particular doctrine, based upon justice and conscience, which is the origin, wherever it may be invoked, of primary rights or of contracts."

And section 802:

"Its foundation is justice and good conscience, its object is to prevent the unconscientious and inequitable assertion of enforcement of claims or rights which might have existed or been enforceable by other rules of the law unless prevented by the estoppel; and its practical effect is from motives of equity and fair dealing to create and vest opposing rights in the party who obtains the benefits of the estoppel."

There are many other authorities within our reach, but we deem it unnecessary to multiply them in this case.

We have read the record as far as it goes, and the briefs of the attorneys for the contending parties, and we are fully persuaded that the plaintiff's cause is just, and that the defendant has not acted in good faith and conscience, holding possession of the premises in controversy, and we are further persuaded that the judgment of the trial court has done substantial justice between these parties. The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.