**SOUTHERN SURETY CO. v. HAWLEY.**

No. 11197—Opinion Filed April 29, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

**Indemnity—Recovery on Contract—Noncompliance with Conditions.**

In an action brought against one of the signers of an indemnifying agreement, under the terms of which the signers agreed to indemnify and hold harmless the obligee against any demands and liabilities which the obligee might sustain by reason of executing bonds upon the request of the obligors, the liability of the signers of the agreement for a loss sustained by the plaintiff on a bond executed by it as surety was dependent on the execution of such bond at the request of one or more of the signers of the indemnifying agreement, and where the plaintiff failed to prove the execution of such bond, at their request, it was not error to direct a verdict for the defendant.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by the Southern Surety Company against A. E. Hawley. Judgment for defendant, and plaintiff brings error. Affirmed.

E. C. Stanard and C. H. Ennis, for plaintiff in error.

George Trice and Denver N. Davidson, for defendant in error.

COCHRAN, J. Southern Surety Company, as plaintiff, filed suit against the defendant A. E. Hawley, to recover on an indemnity contract signed by him, for a loss which the plaintiff sustained on account of having executed a depository bond for the First National Bank of Tupelo, Okla. From a judgment in favor of the defendant, the plaintiff has appealed.

The plaintiff first presents alleged error of the trial court in not permitting the witness Wells to testify as to the contents of a letter transmitted by the First National Bank of Tupelo, Okla., to the plaintiff, and which accompanied the indemnity agreement. The letter the contents of which the plaintiff sought to prove was one which was transmitted to the plaintiff with the bond of indemnity. The plaintiff proved that the letter had been lost and offered to prove the contents thereof, but the testimony was excluded. The testimony of Wells discloses that the letter was a request made by the bank of the plaintiff for the execution of the depository bond, but the testimony nowhere shows that any request was made by either of the signers of the indemnity contract. The indemnity contract provided:

"Whereas, A. E. Hawley, C. M. Witter, C. R. Oldham (hereinafter called the applicant) has requested, or may hereafter request, the Southern Surety Company, a corporation organized under the laws of Oklahoma (hereinafter called the company) to make and execute as surety various and sundry bonds or undertakings; and.

"Whereas, the company may, by making and executing such bonds or undertakings, as surety, become liable to pay and may pay various and sundry sums or amounts

of money under said bonds and may be obliged to employ counsel and other assistants from time to time in its behalf, and may be put to expense in inquiring into various matters relative to liability assumed under such bonds."

The agreement also provides:

"That we will at all time indemnify and keep indemnified the company, and hold and save it harmless from and against any and all demands, liabilities and expenses of whatsoever kind and nature, including counsel and attorney's fees, which it may at any time sustain or incur by reason of or in consequence of having executed such bonds or undertakings, and that we will pay over, reimburse and make good to the company, its successors or assigns, all sums and amounts of money which the company or its representatives shall pay or cause to be paid or become liable to pay, under its obligation upon such instruments or as charges and expenses of whatsoever kind or nature, including counsel and attorney's fees, by reason of the execution thereof, or in connection therewith, such payment to be made to the company as soon as it shall become liable therefor, whether it shall have paid out said sums or any part thereof or not."

This indemnity agreement was not signed by the First National Bank of Tupelo, but was signed A. E. Hawley, C. W. Witter, and C. R. Oldham. Under the terms of this agreement the liability of the signers was limited to such obligations as the signers thereof might request the Southern Surety Company to make and execute as surety. The testimony excluded in this case did not tend to prove that any request was made of the Southern Surety Company by the defendant or any signer of the indemnity agreement that it executed the depository bond for the First National Bank of Tupelo. It is our opinion that the testimony was properly excluded.

The plaintiff contends that the court erred in directing a verdict for the defendant, because the evidence introduced by the plaintiff was sufficient to make out a prima facie case in its favor. Before the plaintiff was entitled to recovery, it was necessary that it prove that the depository bond for the First National Bank of Tupelo was executed by the plaintiff upon the request of one or more of the signers of the indemnifying agreement, as that was a condition precedent to defendant's liability on the indemnifying contract. No testimony was introduced tending to prove that the bond was executed upon the request of any one of the indemnitors. In Northwestern Nat. Life Ins.

Co. v. Ward, 56 Okla. 188, 155 Pac. 524, the court said:

"A condition precedent of a contract is one which calls for the performance of some act or the happening of some event after the contract is entered into and upon the performance or happening of which its obligations are made to depend."

The burden of proof was on the plaintiff to prove the fulfillment of the conditions precedent to its right of recovery, and having failed to make such proof. it was not error to direct a verdict for the defendant. The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.