## NATIONAL LIFE & ACCIDENT INS. CO., Inc., v. BARKER.

No. 24315.   March 5, 1935.

Rehearing Denied April 2, 1935.

West & Davidson, for plaintiff in error.

B. C. Franklin, for defendant in error.

PER CURIAM. This is an appeal from the court of common pleas of Tulsa county. Plaintiff in error, the National Life & Accident Insurance Company, Inc., was defendant in the trial court, and the defendant in error, Maggie Barker, was plaintiff. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the lower court.

The plaintiff commenced her action by filing a petition seeking judgment for $248 upon a policy of life insurance issued by the defendant to Sanford Hill, alleging that said Sanford Hill died on the 8th day of September, 1931, and that the plaintiff was the beneficiary in the policy.

The defendant in its answer alleged that the policy was procured by false representations in that the plaintiff secured a person to impersonate Sanford Hill; that Sanford Hill had no part in the transaction, and that issuance of the policy was secured by fraud of the plaintiff, and, further, that

Sanford Hill was a man of approximately 57 years of age and was not in sound health at the date of the policy, and that the condition of the policy, among others, was that if the assured was not in sound health on the date of the policy, the company might declare the policy void and the liability of the company would be limited to the return of premiums paid on the policy, and it was alleged by the defendant that Sanford Hill was not in sound health on the date of the policy; that he died within 44 days after the issuance of the policy, and that the defendant has declared the policy null and void; that it has tendered the premiums paid under said policy in the amount of $2.20 to the plaintiff and same has been refused; the defendant also alleges that the issuance of the policy was induced by the fraudulent representation that Sanford Hill was in good health, and that same was untrue, and the defendant prays in its cross-petition that the insurance policy be canceled.

The plaintiff filed its reply denying these allegations. The evidence introduced by the plaintiff and by the defendant tended to prove their respective allegations. On cross-examination of witness, Maggie Barker, she testified that Sanford Hill appeared to be strong and healthy, and other evidence along that general line and to the contrary was introduced.

The defendant, in its appeal, contends that the policy of insurance was not issued on the request or application of Sanford Hill, but that the application was made by some person fraudulently representing himself to be Sanford Hill. The defendant also contends that the policy provides:

"No liability is assumed by the company prior to the date hereof, nor unless on said date and delivery of this policy the first payment has been legally made and the applicant is then in sound health."

And it is contended that such language constitutes a condition precedent to liability.

The policy of insurance upon which suit was brought does not reveal that it contains the language above set out. The provisions of the policy in that respect, on the contrary, read as follows:

"No obligation is assumed by the company prior to the date hereof. If the insured is not alive or is not in sound health on the date hereof; or if before the date hereof, the insured has been rejected for insurance by this or by any other company, order or association, or before said date, has had any pulmonary disease, or chronic

bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection or previous disease is specifically recited in the 'Space for Indorsements' in a waiver signed by the secretary, then, in any such case, the company may, within the contestable period, declare this policy void and the liability of the company shall be limited to the return of premiums paid on the policy."

The court instructed the jury in substance that if they found, from a preponderance of the evidence, that the man to whom the defendant corporation issued the life insurance policy in question was the Sanford Hill who died and on whose death plaintiff is attempting financial recovery, the verdict of the jury should be for the plaintiff; otherwise, for the defendant.

Thus the court submitted to the jury the question of whether or not Sanford Hill was the man to whom the policy was issued, or whether, as contended by the defendant, he was some other person.

It is clear from the reading of the provisions of the policy above quoted, that the provision therein above set out is not a condition precedent to liability upon the policy of insurance. This provision of the policy grants to the defendant the right to cancel the policy in the event the insured is not in sound health on the date of the policy, and for the other causes recited therein. Northwestern National Life Ins. Co. v. Ward, 56 Okla. 188, 155 P. 524.

The verdict of the jury was in favor of the plaintiff upon conflicting evidence, and as there was no condition in the policy precedent to liability as contended for by the defendant, the verdict and the judgment entered thereon should not be disturbed. Dixie Motor Coach Corp. v. Johnson. 155 Okla. 240, 9 P. (2d) 5. Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Edward Howell, Thomas H. Owen, and Leon S. Hirsh in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Howell and approved by Mr. Owen and Mr. Hirsh, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.