## NEWS DISPATCH PRINTING & AUDIT CO. v. BOARD OF COM'RS OF ADAIR COUNTY.

No. 25620.   Sept 17, 1935.

Rehearing Denied May 26, 1936.

**W. A. Corley** and W. A. Scofield, for plaintiff in error.

E. G. Carroll, for defendant in error.

CORN, J. This is an appeal from the judgment and order overruling the motion for new trial in the district court of Adair county, in an action wherein the News Dispatch Printing & Audit Company, a corporation, plaintiff in error, was plaintiff, and the board of county commissioners of Adair county, defendant in error, was defendant. The parties will be referred to as they were designated in the court below.

This action was commenced in the district court of Adair county by the plaintiff, against the board of county commissioners of said county, to recover judgment on claims against said county for the amount of $1,262.32, due plaintiff for certain accounting and recording records, budget blanks, warrants, deed records, tax rolls, etc., and election supplies sold and delivered to defendant subsequent to July 1, 1930, and before December 31, 1930, for use by various officials of said county, to wit, the county clerk, county assessor, county superintendent of schools, county treasurer, and the county election board.

The cause was tried to a jury in said court solely upon an agreed statement of facts, a part of which is as follows:

"It is further stipulated and agreed that the foregoing enumerated supplies were received, accepted and used by the said county for the respective offices above named and that said supplies were necessary for the use of the several officers and to enable them to perform the duties of their respective offices and it is further stipulated and agreed that proper claims were filed by plaintiff with the proper officer of said Adair county for the payment by defendant of the amount due plaintiff for said supplies and that said claims were disallowed by the defendant and that such claims and accounts are unpaid.

"W. A. Corley
"W. A. Scofield
   "Attorneys for Plaintiff

"E. G. Carroll
   "Attorney for Defendant."

The trial resulted in an instructed verdict by the court, to wit:

"We, the jury drawn, impaneled and sworn in the above-entitled cause, do upon our oaths find for the defendant as to all items except those for election supplies amounting to $363.97."

The plaintiff in its brief says:

"We submit that the items of purchases made by the board of county commissioners of Adair county for the various constitutional offices as itemized in the evidence and stipulation of this cause were all needed and necessary purchases made to permit the various officers and offices for whom said supplies were purchased, to carry on their constitutional governmental functions. The supplies so purchased were necessary and come within section 12315, O. S. 1931, and an immediate emergency existed for their purchase. It was necessary that the supplies so purchased be supplied to said offices at the beginning of the fiscal year, and

said purchases could not wait until a final meeting of the excise board held on January 30, 1931.

"The board of county commissioners were forced to make contracts for the purpose of such emergency supplies, including estimate blanks, tax rolls and a financial ledger before the appropriation was finally approved, due to the fact that the law required that these supplies be on hand to permit the various officers to carry on their business, as required by law.

"The board of county commissioners of Adair county recognized the need and necessity of purchasing the supplies involved in this suit, and in doing their duty and while in their regular July session, set up a legal estimate, which provided for the purchase of these very constitutional needs without which the various offices involved herein, could not have functioned."

The plaintiff wholly fails to prove an appropriation was made and approved by the excise board for the purchase of any of the supplies, as alleged in its petition, except for election supplies in the sum of $363.97, and judgment was rendered in favor of the plaintiff for the full amount of that item.

The record does disclose that an estimate was made by the county commissioners for the articles sold and used by the various offices, but none of them were allowed and approved by the excise board, except the item for election supplies.

Under section 26, art. 10, of the state Constitution it is provided that any indebtedness incurred by the county in excess of the appropriations for the fiscal year is void. The intention and plain purpose of this section is to require municipalities to carry on their corporate operations upon the cash plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided.

It is the settled law of this state that whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril.

The facts as disclosed by the record in this case plainly show that no appropriation was made and approved by the excise board for any of the supplies alleged to have been sold to the county, except election supplies, and that item was allowed in full.

Under section 26, art. 10, supra, any indebtedness incurred by the county in excess of appropriations for the fiscal year is void. This section of the Constitution is clear and needs no construction, as this court has repeatedly announced. The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.