SPURGIN et al. v. BENNETT.

No. 32142. April 9, 1946.

168 P. 2d 134.

Hudson & Hudson, of Tulsa, for plaintiffs in error.

E. M. Connor, of Tulsa, for defendant in error.

PER CURIAM. This is an action on a contract brought by M. N. Bennett, hereinafter called plaintiff, to recover from J. Will Spurgin and Keystone Freight Lines, Inc., a corporation, defendants, for the sale of the right to operate a freight line. Judgment was for the plaintiff for $5,080.12, and defendants appeal.

On the 11th day of October, 1937, plaintiff entered into a written contract with the defendant J. Will Spurgin by virtue of which, for a consideration of $8,000, certain freight certificates authorizing the operation of intrastate freight lines were transferred, sold, and delivered to said defendant. This intrastate freight line anticipated the uses of such line in the transportation of interstate freight, and for such purpose there was included in the contract a provision that for said consideration of $8,000 the plaintiff would obtain the approval of the transfer by the Corporation Commission of the State of Oklahoma and the Interstate Commerce Commission. Thereafter, on the 23rd day of December, 1939, and August 26, 1940, the contract was modified and supplemented in certain respects not necessary to recite herein. In the original contract it was provided that the plaintiff would obtain from the Interstate Commerce Commission the above mentioned permit for interstate operations of the line, and that unless such approval was obtained the contract should be void; that until the transfer of the certificates was approved and the permit obtained the balance would not be due.

There were certain delays incident to the application for the interstate commerce permit. The approval of the transfer by the Corporation Commission was immediate. The defendants took possession of and began the operation of the line. The attorney who drew the contract for the plaintiff and the defendants was in constant consultation with the defendants as to the best method of obtaining the Interstate Commerce Commission permit. When the application was finally made, it was made in plaintiff's name under date of December 3, 1940. There was also a certain amount of delay by the federal officials considering the application. The application was not reached until June 25, 1941, when the Interstate Commerce Commission entered the following order:

"At a session of the Interstate Commerce Commission, Division 4, held at its office in Washington, D. C., on the 25th day of June, A. D. 1941. No. MC-F-1433.

"Keystone Freight Lines—Purchase— M. N. Bennett.

"It appearing, That by application filed December 11, 1940, Keystone Freight Lines, of Tulsa, Okla., seeks authority under Section 5, Interstate Commerce Act, to purchase the operations and certain physical property of M. N. Bennett, doing business as M. N. Bennett Truck Lines, of Collinsville, Okla., which operations are conducted under the second proviso of Section 206 (a) of said act:

"It further appearing, That, pursuant, to authority granted under Section 210 (b) Keystone Freight Lines leased said operations and property for a period expiring June 25, 1941;

"And it further appearing, That the issues presented by the application are controlled by the report and order in No. MC-F-1139, Baggett Transportation Company-Purchase W. A. Bishop, decided May 5, 1941, in which the Commission found that it is without jurisdiction to authorize what is here proposed;

"It is ordered, That said application

be, and it is hereby dismissed, effective June 25, 1941.

"By the Commission, Division 4. W. P. Bartel, Secretary."

Thereafter the defendant Keystone Freight Lines, Inc., applied for and was granted a permit by the Interstate Commerce Commission.

The defendants present the following propositions: (1) Plaintiff failed to sustain the burden of proof in that he wholly failed to establish the allegations contained in his petition; (2) the plaintiff failed to prove the performance of a condition precedent in the contract sued upon: (3) the judgment of the court is not sustained by either the pleadings or the evidence.

In all of these propositions it is alleged that the failure of plaintiff to obtain the permit from the Interstate Commerce Commission was a condition precedent and that there is no obligation on the part of defendants to comply with their agreement to pay the amount due until the plaintiff has complied with his agreement to furnish the permit.

Plaintiff argues (1) that the agreement to acquire the permit was not a condition precedent; (2) that if it was a condition precedent the defendants have waived the required performance thereof.

Defendants cite and rely upon Northwestern Life Ins. Co. v. Ward, 56 Okla. 188, 155 P. 524; McCullough v. Doggett, 176 Okla. 8, 54 P. 2d 184; Coram v. Davis, 216 Mass. 448, 103 N. E. 1027; Root v. Childs, 68 Minn. 142, 70 N. W. 1087; Husenbetter v. Gullickson, 55 Neb. 32, 75 N. W. 41; McClintock Marshall Const. Co. v. Board of Chosen Freeholders of Hudson County, 83 N. J. Eq. 539, 91 Atl. 881. In Northwestern Life Ins. Co. v. Ward, supra, we gave the definition of condition precedent but held that the facts did not establish such condition. We have examined the remaining cases cited and find them inapplicable to the fact situation in the case at bar. This case need not be

disposed of on the question of whether or not the agreement to obtain the permanent permit from the Interstate Commerce Commission was a condition precedent or a condition subsequent. The purport and intent of the contract was to sell and transfer the rights to operate the line of the plaintiff with assurance that the defendants would get the approval of the State Corporation Commission and the Interstate Commerce Commission. The attorney who drew the contract for the parties constantly consulted with and assisted the defendants in the operation of the lines in regard to both the state certificate and the permit from the Interstate Commerce Commission. A temporary permit was obtained from the Interstate Commerce Commission. Finally when, at the convenience and suggestion of the attorney for the defendants, the application was made on December 3, 1940, it was made in the name of the plaintiff. As observed from the order of the Interstate Commerce Commission, supra, it came too late. Thereupon the same counsel immediately applied for and received the permit in the name of the defendant Keystone Freight Lines.

The sole objection of the defendants is that it was necessary to expend extra money for counsel fees and expenses in the application by the Keystone Freight Lines for the permanent permit. Nowhere is it shown what the extra expenses for counsel fee and otherwise would be. The defendants at no time made any objection to the plaintiff in this respect. There was never any notification by either of the defendants to the plaintiff that they wished to apply for and obtain the permit. The delay incident to the obtaining of the permit was wholly with the consent and the agreement of counsel for defendants. No demand was ever made for any expenses in connection with the obtaining of the permit after the order was entered by the Interstate Commerce Commission on the application filed by plaintiff December 3, 1940. The proceedings to obtain the permit were at all times mutual between the parties. During this period the line was operated by the defendants without let or hindrance.

It is not every breach of the terms and agreement of a contract that will authorize a party to rescind or declare the contract at an end. 12 Am. Jur. 1030-1031, Contracts, §§ 448-449. If by a failure to obtain the permanent permit the plaintiff caused any damage to the defendants, the defendants had a right to and could have recouped their damage by a demand for the payment of said expenses or by a counterclaim in the case at bar. No such action has been taken by either of the defendants. We are of the opinion, and hold, that the objection made by the defendants against the claim for the balance due is without substantial merit.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.