The Attorney General is in receipt of your request for an opinion wherein, in effect, you ask: May a board of county commissioners lawfully enter into a cooperative agreement with a federal agency where the federal agency agrees to pay a specified or fixed amount toward the cost of a project and the county agrees to pay the unspecified remainder of the costs of the project? The ability of a county to contract a debt is limited by the provisions of Okla. Const., Article X, Section 26, quoted in pertinent part as follows: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor, in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five percent (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness. . . ." Emphasis Added. In construing the language of limitation in Article X, Section 26, the Supreme Court said in News Dispatch Printing Audit Co. v. Board of County Commissioners,177 Okl. 162, 57 P.2d 1156 (1936): "Under Article X, Section 26, of the state Constitution it is provided that any indebtedness incurred by the county in excess of the appropriations for the fiscal year is void. The intention and plain purpose of this section is to require municipalities to carry on their corporate operations upon the cash plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided." Emphasis Added 177 Okl. at 163. The limitations of Article X, Section 26 are more forcefully phrased in Boardman Co. v. Board of Commissioners,136 Okl. 85, 276 P. 474 (1929): "We hazard the opinion that there can be found in our Constitution no provision couched in clearer or more comprehensive terms than this section. There is not even the possibility of ambiguity or misunderstanding as to what is meant. It definitely names the municipalities, and then, for fear of some uncertainty, the words 'or other political corporation, or subdivision of the state' are added so as to make its terms clear beyond dispute. The words 'shall be allowed to become in debted, in any manner.' are as broad as human language permits, but to make sure, the alternative words 'or for any purpose' are used; and the extreme solicitude of the authors of the Constitution may be seen also in the following words which are almost redundant in their insistent certainty 'to an amount exceeding, in any year, the income and revenue provided for such year.' What was uppermost in the minds of those who wrote this document, which is our fundamental law? The one purpose was to safeguard the citizens and taxpayers of the state against the inadvertence, carelessness, the profligacy and the corruption of public officials charged with the handling of public moneys. That provision is subject to no exigency, pays no heed to convenience, expediency or emergency. It is sane, safe, unconditional, and, so far as human documents can be so regarded, should be held sacred in its observance, interpretation and enforcement. Once this clear protecting mandate is whittled away, reasoned around, or disregarded, for any cause, the chief guaranty of our orderly municipal progress, whether in state, county, city, town, township or school district, is threatened. This is no new law — it has been with us since statehood. It is only a hardship to those who will not take the time to ascertain their rights, or to those who, knowing their rights, dare to gamble on a sympathetic jury, or on a weak-kneed or indulgent court, to allow them a privilege which the people of our state have said no one shall enjoy. Contractors and others who encourage or join in with public officials charged with the care of the public funds in entering into contracts on credit, and for the payment of which they have no money in hand, are alone responsible for their losses, for this clear cut inhibition and prohibition is addressed by the people of the state, through their Constitution, to the private citizen, to the contractor, to the taxpayer, to jurors, courts, and judges, and they are all alike charged with the observance and enforcement of this highly necessary constitutional safeguard." The provisions of 62 O.S. 310.1 [62-310.1] et seq. (1977), the statutes governing the manner and method of the expenditure of county funds, recognize the limitations of Article X, Section 26 imposed on county financing. The county is only authorized to draw against "all budget appropriation accounts as departmentalized and appropriated by the county excise board," 62 O.S. 310.1 [62-310.1], and, as purchase orders or contracts are submitted, the purchasing officer must certify that the funds have been encumbered for that purpose. 62 O.S. 310.1 [62-310.1], supra. The same procedure applies to county highway funds. 62 O.S. 310.1 [62-310.1](c). Incurring indebtedness beyond the appropriation constitutes forfeiture of office. 62 O.S. 310.3 [62-310.3]. It is, therefore, the official opinion of the Attorney General that: 1. A board of county commissioners, in the face of constitutional and statutory prohibitions and limitations, may not enter into any contract of indebtedness with any entity, the amount of payment for which cannot be ascertained to be within the appropriated funds for the fiscal year in which the indebtedness is incurred; 2. An "open end" contract which, by its nature, may require either expenditure of funds beyond the fiscal year appropriation or which may commit the revenues of some future fiscal year is beyond the power of a board of county commissioners to make. (MANVILLE T. BUFORD) (ksg)