The Attorney General is in receipt of your letter wherein you ask, in effect, an official opinion on the following question: Are joint City/County Library Agreements executed pursuant to Title 65 O.S. 81 [65-81] — 65 O.S. 83 [65-83] (1971) constitutional, provided the agreement requires the Library Board to prepare a budget each fiscal year for the Library and submit it to the City and County for approval? The provisions empowering political subdivisions to enter into contracts to provide library services to their residents are found in Title 65 O.S. 81 [65-81] — 65 O.S. 83 [65-83] (1971). 65 O.S. 81 [65-81] provides in relevant part: "The governing bodies of the cities, . . . are hereby empowered and authorized to enter into a contract with the County Commissioners . . . for the purpose of purchasing a site and erecting, maintaining, and operating a building thereon, to be used for Public Library. . . ." 65 O.S. 82 [65-82] provides in pertinent part: "The County Commissioners . . . are hereby authorized to enter into a contract with the governing body of any city, . . . for the purpose of purchasing a site and erecting, maintaining and operating a building thereon, to be used for a Public Library. . . ." Further, 65 O.S. 83 [65-83] provides: "The County Commissioners and the governing body of any city entering into the above described contract, are hereby authorized to appropriate and pay out the necessary funds from the general funds of such county or city, respectively, for the purchase of a site and the erection and maintenance of such building thereon. . . ." A plain reading of the above-mentioned provisions clearly authorizes cities and counties the ability to execute contracts and appropriate funds to establish and operate a joint city/county library. The issue raised by your question is whether those statutory powers granted to the respective governing bodies are in any way limited by constitutional provisions. Okla. Const., Article X, Section 26 is controlling and provides, in part: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof. . . ." This constitutional provision has consistently been construed to be an express prohibition upon political subdivisions from incurring an indebtedness exceed the revenue for any year without a vote of the people affected thereby. News Dispatch Printing and Audit Company v. Board of County Commissioners, 177 Okl. 162,57 P.2d 1156 (1935). It follows, therefore, that any contract and the terms thereof must be cast against the provisions above mentioned. To remain within the parameters of this constitutional provision, it further follows that an agreement executed by any political subdivision must, by its own terms, not extend beyond the current fiscal year absent an affirmative vote of three-fifths of the qualified electorate in those areas so affected. Your question makes reference to a proviso which conditions if financial obligations or indebtedness of the contracting parties upon the occurrence of certain events, i.e., the submission and approval of an annual library budget to the governing bodies. A provision so providing for an occurrence of certain events creates a condition precedent which must be performed before the underlying obligations become operative. Northwestern Natural Life Insurance Company v. Ward, 56 Okl. 188, 155 P. 524 (1916). An agreement containing such language, by its own terms, cannot bind successive members of either body as approval of such budget request must be acted upon annually. Further, an agreement which so provides clearly indicates that the obligation thereunder is confined to a specified-time period-which does not violate the constitutional proscription prohibiting any political subdivisions from incurring any indebtedness beyond the current fiscal year. It is, therefore, the official opinion of the Attorney General that an agreement executed by city and county to maintain and operate public libraries which contains language conditioning; financial obligation upon occurrence of certain events creates a condition precedent which must be performed before any liability or obligations thereunder become effective and, by its own terms, does not violate Okla. Const., Article X, Section 26. (RONALD LEE JOHNSON) (ksg)